## PIERCE v HAMILTON (city)

Ohio Appeals, 1st Dist, Butler Co

No 491. Decided May 4, 1931

David Pierce, Hamilton, and Walter S. Harlan, Hamilton, for plaintiff.

John F. Neilan and Mr. Millikin Shotts, Hamilton, for defendant.

HAMILTON, J.

The question before us is the issuance of general bonds, to be paid for by general taxation. That has always been recognized as a governmental act, and was so held in the case of **State ex rel City of Toledo v. Cooper, Auditor, 97 Oh St, 86,** wherein the Court declared: "Taxation is a sovereign function."

The right, therefore, to issue bonds for the purposes stated in the ordinance must be found either in the Constitution or laws passed by the legislature.

The purpose for the issuance of the bonds as declared in the ordinance is "to replenish the operative fund from which the cost and expense necessary to make such improvements and extensions was taken at the time said extensions and improvements were made."

We find no authority in the legislative acts granting power to a municipality to issue bonds for such purposes. If any such authority is granted, it must be found in §4 of Article XVIII of the Constitution of Ohio, and the scope of the power therein granted, as declared in the case of State ex rel City of Toledo v. Weiler, et al., etc., 101 Oh St, 123.

Sec 4 of Art. XVIII of the Constitution of Ohio is as follows:
"Any municipality may acquire, construct, own, lease and operate within or without its corporate limits any public utility, the product or service of which is or is to be supplied to the municipality or its inhabitants, and may contract with others for such product or service."

A municipal gas plant is a public utility. The Supreme Court in the case of **State ex rel v. Weiler, supra,** held that this provision of the Constitution was self-executing, and that the issued bonds for the purposes named under §4 of **Article XVIII** are essential to the enjoyment of the power granted and are necessarily incident thereto, and that the power was included in the power expressly conferred. So, that the municipality may issue bonds for the purpose of acquiring, constructing, owning, leasing, and operating its municipal gas plant, and as decided in the case of **State ex rel v. Weiler, supra,** could issue bonds to provide funds for any of these purposes.

If the ordinance in question provided for the issuing of bonds for any of these purposes, the ordinance and the issue of bonds thereunder would be valid, if within the legislative limitations for taxation. This brings us to the question of ascertaining for what purpose the bonds are to be issued under the ordinance.

The title of the ordinance is: "An Ordinance to issue bonds for the purpose of paying for the improvements and extensions made in the Gas Works and distribution system, in the City of Hamilton, Ohio, and to replenish the operative fund from which the cost and expense necessary to make such improvements and extensions was taken at the time said extension and improvements were made."

Among the recitals in the ordinance is that "said City is indebted to The Columbia Gas Supply Company in the amount of $110,777.69, on account of gas purchased from January 1, 1923 to December 31, 1927". The ordinance then recites that during said period "there was taken from the operative revenue of said gas works the sum of $101,179.09, which sum was used for capital expenditures in said gas department." Then follows the statement that

"bonds shall be issued, x x x x in order to replenish the operative funds from which the expenditures were so made".

The ordinance provides in section V: "That the proceeds of the sale of said bonds x x x shall be placed in the City Treasury to the credit of the Gas Works Fund, and shall be disbursed for the purpose of replenishing the operative fund of the Gas Department of the City of Hamilton, Ohio, and for no other purpose, x x x "

The ordinance does not recite that it is necessary to issue bonds for the purpose of acquiring a gas plant, nor for the purpose of constructing a gas plant, nor for operating a gas plant. It does not recite any deficit arising in the acquiring, constructing, or operating of the plant, other than there is an indebtedness to The Columbia Gas Supply Company in the sum of approximately $110,000.00. Had the ordinance recited that this indebtedness arose from the operation of the gas plant and sought to issue bonds for the payment of this indebtedness, we would have a different question.

In so far as the ordinance recites, there may be ample funds in the operative fund for all purposes chargeable to said fund.

In considering the ordinance, the court is in doubt as to the intent and purpose of the bond issue. If it is intended to use the proceeds to discharge the indebtedness to The Columbia Gas Supply Company, the ordinance is incomplete for that purpose. If it is intended to raise money for improvements and extensions, it is incomplete for that purpose. The improvements and extensions have already been paid for according to the recitals in the ordinance.

The declared purpose is only to replenish the operative fund from which payments have been made for the improvements and extensions, without a recital of necessity or that any deficit exists.

Section V provides that the proceeds of the sale of the bonds "shall be disbursed for the purpose of replenishing the operative fund x x x and for no other purpose. If it was intended under this provision that after replenishing the operative fund, the money was necessary for, and would be used only for operating expenses, the ordinance should have so declared.

Our conclusion is that the ordinance in its provisions is uncertain as to its intention and meaning. That the only purpose expressed is, that the proceeds from the sale of the bonds are to be used for the purpose of replenishing the "operative fund".

There being no authorization in the Constitution or laws of the State for such purpose, the plaintiff is entitled to the injunction prayed for.

This conclusion makes it unnecessary to discuss the other questions raised.

The injunction will be granted.

ROSS, PJ, and CUSHING, J, concur.