CITY OF SPRINGFIELD, APPELLEE, *v.* KRICHBAUM,
APPELLANT.
CITY OF SPRINGFIELD, APPELLEE, *v.* SCHEETZ,
APPELLANT.

330

(Nos. 477 and 478—Decided November 9, 1950.)

*Mr. Robert C. Acton,* city solicitor, for appellee.
*Mr. Abe Garner,* for appellants.

*Per Curiam.* These two appeals on questions of law are from judgments of the Municipal Court of Springfield.

The facts being similar and the legal questions involved being identical, the court will use terms in the singular.

The plaintiff-appellee, the city of Springfield, instituted two separate actions against the two defendant-appellants, Oscar Krichbaum and Joseph H. Scheetz, to collect income tax due from them under ordinance No. 4741 of the city of Springfield.

Defendant filed a general demurrer to plaintiff's petition. The demurrer was overruled and the defendant electing not to plead further, final judgment was rendered against him for the amount prayed for, together with costs.

Defendant in his brief contends that he is a resident of the city of Springfield but is employed outside the municipality, and, therefore, he objects to the ordinance requiring him to pay a tax on wages earned outside the municipality. Since the pleadings do not state where the wages were earned, this question is not properly raised.

Defendant contends that the ordinance is discriminatory and therefore invalid in that it does not levy a tax on income from intangible property and on income of common carriers and insurance companies. The pow-

er to levy a tax on intangibles (Sections 5638 and 5638-1, General Code), on insurance companies (Section 5414-10, General Code), and on common carriers (Section 614-94, General Code) has been pre-empted by the state. Section 2, Article XII of the Ohio Constitution, has no application to the issues raised herein. *State, ex rel. Taylor, Pros. Atty., v. Guilbert, Aud.,* 70 Ohio St., 229, 71 N. E., 636.

Defendant contends that the ordinance is discriminatory in that it provides that corporations having a principal place of business in Springfield are exempt on that portion of the income earned outside the municipality, whereas individuals who reside in the city of Springfield and who earn wages outside the municipality are taxed on such wages; and that the ordinance is discriminatory in that it imposes a tax on the wage earner's gross income, whereas only the net profit of associations and business concerns is taxed. We do not find the classification to be unreasonable, arbitrary, artificial or evasive. On the other hand we find a real and substantial distinction in the nature of the class or classes upon which the ordinance operates. *City of Xenia* v. *Schmidt,* 101 Ohio St., 437, 130 N. E., 24; *State Board of Tax Commissioners* v. *Jackson,* 283 U. S., 527, 51 S. Ct., 540, 75 L. Ed., 1248, 73 A. L. R., 1464; 8 Ohio Jurisprudence, 635, Section 493.

In *City of Xenia* v. *Schmidt, supra,* the court held, as stated in the syllabus:

"1. A legislative act is presumed in law to be within the constitutional power of the body making it, whether that body be a municipal or a state legislative body.

"2. That presumption of validity of such legislative enactment cannot be overcome unless it appear that there is a clear conflict between the legislation in question and some particular provision or provisions of the Constitution.

"3. Legislation, in order to be definite and certain, must either expressly, or by clear implication, classify the persons, things, conditions and the like, upon which the law shall operate.

"4. Classification is an inherent right and power in legislation, limited only by the Constitution and the judicial constructions thereunder.

"5. A classification must not be arbitrary, artificial, or evasive, but there must be a real and substantial distinction in the nature of the class or classes upon which the law operates.

"6. In respect to such distinctions, the legislative body has a wide discretion, and the legislation involving classification will not therefore be held invalid unless the classification attempted is clearly and obviously unreasonable to the point of discriminating against members of the same class, so as to deny them the equal protection of the laws."

We find no conflict between the provisions of the ordinance and constitutional provisions applicable thereto.

That the city of Springfield has the power to levy and collect an income tax was decided in *Angell* v. *City. of Toledo,* 153 Ohio St., 179, 91 N. E. (2d), 250. Although several legal questions raised herein were not raised in the *Toledo case,* we are of the opinion that the decision in that case is sufficiently dispositive of the issues raised herein to require an affirmance of the judgment.

*Judgments affirmed.*

MILLER, P. J., HORNBECK and WISEMAN, JJ., concur.