SPRINGFIELD (City), Plaintiff-Appellee, v. KURTZ, Defendant-Appellant.
SPRINGFIELD (City), Plaintiff-Appellee, v. SMITH, Defendant-Appellant.
SPRINGFIELD (City), Plaintiff-Appellee, v. MANTEL, Defendant-Appellant.
SPRINGFIELD (City), Plaintiff-Appellee, v. MATLOCK, Defendant-Appellant.

Ohio Appeals, Second District, Clark County.

Nos. 480, 481, 482 and 483. Decided April 2, 1951.

Robert C. Acton, City Solicitor, Thomas D. Hodge, Special Counsel, Richard T. Cole, Asst. City Solicitor, Springfield, for plaintiff-appellee.

William T. Gillie, Urbana, for defendants-appellants.

## OPINION

By THE COURT:

All of the above numbered cases present the same questions of law in this Court.

The facts are not in dispute, and are either admitted by the pleadings or stipulated by the parties. An ordinance of the City of Springfield, Ohio, No. 4741, enacted May 24, 1948, provided among other things that a 1% tax was levied upon * * *, all salaries, wages, commissions and other compensation earned by the residents of the city from and after July 1, 1948. The appellants were residents of the city on and after July 1, 1948 and earned their salaries for services performed outside of the city. The defendants not paying the tax levied under

the ordinance, the City instituted its action in Municipal Court to collect the tax claimed to be due. To the petitions of plaintiff-appellee defendants demurred generally upon the ground that they did not state causes of action. The court overruled the demurrer and after answers filed by defendants and agreed statement of facts entered judgment for the plaintiff in each of the cases. The appeal is prosecuted on questions of law and two propositions are urged. One is that the ordinance denies equal protection of the law to the taxpayer and, two, that the City of Springfield has no power and authority to levy and collect a tax on income of a resident earned outside the limits of the city.

The first question is directed particularly to what it is claimed is a discrimination against the plaintiffs in that they are required to pay the tax levied upon all of the income earned by services performed outside of the City of Springfield, whereas corporations having their principal office and place of business in the city, or an office or place of business in the city, are required to pay only "on such part of the net profits as is earned by such corporations as a result of work done or services performed or rendered and business or other activities conducted in the city."

We had this identical question in the City of Springfield, Ohio, v. Krichbaum, No. 477, Clark, and the City of Springfield, Ohio, v. Scheetz, No. 478, Clark, which was resolved against the contention of the appellants here. We follow the holding there made.

In probability the second question presented on this appeal is likewise determined by the above cited cases because, if the classification upon which taxes are to be levied is sound and constitutional, it follows that the taxes levied thereunder are constitutional. Independent, however, of the effect of the cited cases upon the second question presented, it has been determined without exception against the claim of the appellants here. In Lawrence v. State Tax Commission of the State of Mississippi, 286 U. S. 276, 87 A. L. R. 374, a tax levied by the state was held to be valid and constitutional upon incomes of residents of the state produced from tangibles located outside the state of the owner's domicile. In an annotation, beginning at page 380, many cases are cited which hold that a tax such as was under consideration in the principal case would not violate the "equal protection of the law" provision or the "due process" provision of the state or federal constitutions. The questions presented in the cases set out in the annotation are analogous to that which is before us in the cases on appeal. Attention is especially directed to People ex rel. Woolworth v. State Tax Commission, 192 N. Y. Supp.

772 which involved a tax imposed by the New York Income Tax Law on every resident of the State with respect to "his entire net income," defining it in detail and including income derived from any source whatever. The tax was held to be valid and the tax payer included anyone who was a resident of the state.

The basis of the tax against a resident is the benefit, protection, service and opportunities which are afforded to him by the political subdivision wherein he is a resident.

The case of **Angell v. Toledo, 153 Oh St 179,** is discussed by counsel and it is urged by appellees that it is dispositive of the second question presented here. Examining the propositions of the syllabus alone it might be so urged, but reading them in the light of the two questions presented for decision, as must be done, they do not expressly decide our question.

We are satisfied that that part of the ordinance which is questioned by this appeal is a valid and constitutional enactment as against the claims urged by the appellants.

The judgments will be affirmed.

HORNBECK, PJ, WISEMAN and MILLER, JJ, concur.