**SPRINGFIELD (City), Plaintiff-Appellee, v. KENNEY, Defendant-Appellant.**

Ohio Appeals, Second District, Clark County.

No. 487.   Decided November 5, 1951:

## OPINION

By MILLER, J.

This is a law appeal from a judgment of the Municipal Court of Springfield, Ohio, wherein the defendant-appellant was found to be indebted to the plaintiff-appellee in the sum of $69.00 and interest under the provisions of City Ordinance No. 4741, which is better known as the City Income Tax Ordinance. The case was submitted upon an agreed statement of facts which are a part of the record and will not be fully restated.

The first question presented is whether the defendant is a resident of the City of Springfield, the ordinance in question having placed a one per cent tax on all salaries, wages, commissions and other compensation earned by residents of the City. It is admitted that the defendant lives within the corporate boundaries of the City of Springfield in a public housing project owned by the United States and operated as a Federal Housing Area by the Public Housing Authority. The

area within which he lives is known as Wheldon Park. We think that the answer to the question here presented is found in Section 106(2) of Title 4, Federal Code Annotated, which reads as follows:

"No person shall be relieved from liability for any income tax levied by any state, or by any duly constituted taxing authority therein, having jurisdiction to levy such a tax, by reason of his residing within a Federal area or receiving an income from transactions occurring or services performed in such area; and such state or taxing authority shall have full jurisdiction and power to levy and collect such tax in any Federal area within such state to the same extent and with the same effect as though such area was not a Federal area."

The Supreme Court of Ohio has had occasion to pass upon this point in the case of **Renner v. Bennett, 21 Oh St 431.** The case involved the question whether the United States had exclusive jurisdiction over the asylum for disabled soldiers located within Ohio, upon the answer to which question rested the determination whether inmates were eligible to vote. The Court held that the United States did not possess exclusive jurisdiction and in syllabus one stated:

"Where the United States, without the consent of the State, purchases and uses land for any of the purposes specified in Sec. 8, Art. 1, of the Federal Constitution, it acquires no jurisdiction over the land."

In further support of the appellee's contention we refer to Section 1547 of Title 42, Federal Annotated Code, which is part of the Federal Statute popularly known as the Lanham Housing Act. It provides as follows:

"Notwithstanding any other provisions of law, the acquisition by the administrator of any real property pursuant to this act shall not deprive any state or political subdivision thereof . . . of its civil and criminal jurisdiction in and over such property, or impair the civil rights under the state or local law of the inhabitants on such property. . . ."

In view of the foregoing authorities we hold that the City of Springfield was not deprived of its jurisdiction over the area in which the defendant resided and that he is amenable to the provisions of the Income Tax Ordinance.

It is next urged that since the defendant's income was earned entirely outside of the corporate limits of the City of Springfield, that he is not subject to the provisions of the ordinance. We held otherwise in the case of The City of Springfield v. Kurtz, No. 480, Clark County, decided by this Court on April 2, 1951. We adhere to our former ruling on this question.

It is next urged that the ordinance is unconstitutional for the reason that it excludes from taxation all persons having an income of $1040.00 or less for a year and does not grant this exemption to those whose income is more than the minimum. In other words, those having an income of more than $1040.00 per year pay the tax based upon the total income and not only upon the excess over and above the $1040.00. This, appellant claims, constitutes a classification which is "artificial, arbitrary, unreasonable and discriminates between those similarly situated." If the appellant were correct in his factual conclusions we would agree with him that the section of the ordinance under consideration is in violation of the Constitution. However, we differ upon the finding of fact. We are of the opinion that it operates equally upon each member of the class since it provides that all persons making less than $1040.00 per year are in one class and pay no tax, while all persons making more than $1040.00 per year pay a tax upon their total income. In considering whether or not the tax is arbitrary or unreasonable the burden of proof is upon the appellant and upon the record submitted we cannot come to such a conclusion. The presumption is that the City of Springfield in enacting the ordinance acted upon sound consideration of policy and until this presumption is overcome by the evidence it must prevail. It is well settled that hardship and administrative complexity may be considered by the court in its consideration of the constitutionality of the provision in question. 51 Amer. Jur. 242, Section 182. A leading case on this question is Carmichael v. Southern Coal and Coke Co., 301 U. S. 495, which involved an Alabama Unemployment Compensation Act, which provided a payroll levy upon the payroll of certain employers while exempting others. It was contended on behalf of the petitioner that the Act was violative of the equal protection clause of the Constitution of the United States because it excluded employers who employed less than eight individuals and excluded certain particular classes of employers. The contention was rejected by the Court, Justice Stone saying at page 510:

"It is argued here, and it was ruled by the court below, that there can be no reason for a distinction, for purposes of taxation, between those who have only seven employees and those who have eight. Yet, this is the type of distinction which the law is often called upon to make. It is only a difference in numbers which marks the moment when day ends and night begins, when the disabilities of infancy terminate and the status of legal competency is assumed. It separates large

incomes which are taxed from the smaller ones which are exempt, as it marks here the difference between the proprietors of larger businesses who are taxed and the proprietors of smaller businesses who are not.

"Administrative convenience and expense in the collection or measurement of the tax are alone a sufficient justification for the difference between the treatment of small incomes or small taxpayers and that meted out to others."

The record in the case at bar discloses that the additional administrative work required to service the returns of this excluded group would be increased approximately 30 per cent and the additional amount collected would in all probability produce little or no additional revenue, or may even cause a loss. The maximum amount that could be collected from this excluded class would be only $10.40 per year and in many instances it would no doubt be necessary to use pressure to enforce the collection or even to resort to suits at law. We are therefore of the opinion that the classification is reasonable and operates equally upon each member of the classes created. Even though the exclusion clause were unconstitutional it is severable from the other parts and would not invalidate the whole ordinance. The basic rule for determining this question is set forth in **28 O. Jur. page 496, Section 301,** as follows:

"It is a general rule that where a by-law or ordinance consists of several and independent parts, having no general influence over each other, and a part is valid and a part is void, the part which is valid is operative and will be carried into effect."

Whether the invalid provision is severable or not is largely a matter of legislative intent. **8 O. Jur. page 200, Section 99.**

Upon this matter the City Commission has spoken by including in the ordinance Section 16 which reads:

"This ordinance shall not apply to any person, firm, corporation, association, business, or to any property, as to whom or which it is beyond the power of the City Commission to impose the tax herein provided for. If any sentence, clause, section or part of this ordinance, or any tax against any individual or any of the several groups specified herein is found to be unconstitutional, illegal or invalid, such unconstitutionality, illegality or invalidity shall affect only such clause, sentence, section or part of this ordinance and shall not affect or impair any of the remaining provisions, sentences, clauses, sections or other parts of this ordinance. It is hereby declared to be the intention of the City Commission of the City that this ordinance would have been adopted had

such unconstitutional, illegal or invalid sentence, clause, section or part thereof not been included herein."

It is apparent therefore that the intent of the City Commission was that the ordinance would be adopted even without the exclusion provision.

Finding no error in the record, the judgment will be affirmed.

HORNBECK, PJ, WISEMAN, J, concur.