S. S. Kresge Co., Appellant, *v.* Bowers, Tax Commr., Appellee.

(No. 38731—Decided April 28, 1965.)

114

*Messrs. Dargusch & Dargusch, Mr. Carlton S. Dargusch, Jr.,* and *Mr. Roger F. Day,* for appellant.

*Mr. William B. Saxbe,* attorney general, *Mr. Edgar L. Lindley* and *Mr. Jon Ziegler,* for appellee.

WASSERMAN, J. The appellant bases its claim for a refund on the theory that since it was held in *S. S. Kresge Co.* v. *Bowers, Tax Commr.,* 170 Ohio St. 405, that appellant's stamp cancellation method was an invalid method of determining sales tax liability, the 1956 test checks taken by the Tax Commissioner should be applied to the later period of July 1, 1957, to December 31, 1959, to determine its sales tax liability, which results in a refund due appellant in the amount stated above. All the appellant's assignments of error refer in the main to the above proposition and will be dealt with accordingly.

In *Kresge* v. *Bowers, supra,* at page 409, the court quotes from the opinion of the Board of Tax Appeals, as follows:

" 'Upon consideration of all the evidence presented, including the record, the transcript of the Tax Commissioner, and the briefs of counsel, we conclude (1) that the appellant did not maintain an adequate record of taxable sales and the tax collected thereon, as provided by the Ohio Sales Tax Act; (2) that the period used by the Tax Commissioner for the test check did constitute a representative period; and (3) the appellant, by the information it furnished to us relative to its retail sales, did not sustain the burden of proof imposed upon it by law, as

described in *Obert* v. *Evatt*, 144 Ohio St., at page 492; and that, therefore, the Tax Commissioner's order must be affirmed.'"

The court went on to say: "Consistent with these views, this court finds that the decision of the Board of Tax Appeals is neither unreasonable nor unlawful. Hence, the decision of the board is affirmed." In other words, the precise holding in the case of *Kresge* v. *Bowers, supra,* is that (1) a vendor of merchandise the sale of which is subject to sales tax is liable for the amount due as taxes on his taxable sales, *i. e.*, sales over 40 cents; (2) a vendor in his taxable sales must keep complete and accurate records of all taxable sales and the taxes collected thereon; and (3) when the Tax Commissioner is not satisfied with the tax returns as computed by the vendor, he may by virtue of Section 5739.10, Revised Code, refuse to accept the submitted tax return of the vendor and proceed to conduct test checks of the vendor's taxable sales and compute the tax due accordingly. We do not see how the above holding sustains the appellant's position in any way.

The appellant now claims that, since by virtue of the test check conducted in 1956 it was found to be owing the state $396,579.41 in excess of the amount of sales tax stamps cancelled, it should be able to use that same test check for a basis of claiming a refund which resulted from cancelling too many sales tax stamps. This position cannot be countenanced either in law or logic. That which is ascertained to have happened in the past may be substantiated by existing records and evidence. This was done in the first *Kresge case.* The results of the 1956 test check were applied retroactively to preceding years, and an assessment was levied. However, to reason that a test check taken in 1956 and used retroactively is indicative of what business will be like in 1957, or for that matter 1967, is completely without foundation notwithstanding that the business did not change sub-stantially.

The appellant cites cases which hold that a test check by a vendor may be considered in determining the final tax assessment. However, in those cases it will be noted that the Tax Commissioner first refused to accept the vendor's return and then conducted a test check of the business. In such cases, a test check conducted by a vendor will be allowed into evidence and

given weight in determining the true liability and assessment. No cases have been cited in point with the one at bar, where the Tax Commissioner has accepted the vendor's return.

The appellant herein claims that the holding of the Board of Tax Appeals in the instant case is contrary to the holding of this court in *Kresge* v. *Bowers, supra.* We are not of this opinion. There is a basic difference between the facts in the two cases. In the first case the Tax Commissioner refused to accept the vendor's tax returns and by virtue of Section 5739.10, Revised Code, acted accordingly and conducted test checks of the appellant's business. In the instant case, the Tax Commissioner accepted the vendor's tax returns as accurate. The appellant now would have the Tax Commissioner refuse to accept its tax returns for the period in question. This cannot be done. Refusal by the Tax Commissioner to accept a tax return is discretionary when such refusal is based upon Section 5739.10, Revised Code. The General Assembly has provided that such refusal is discretionary by the use of the phrase, "may refuse to accept the vendor's return." The appellant contends that this is not fair; that it is arbitrary; and that it discriminates against the taxpayer. We do not agree. It is elementary that the power and right to tax, for any reason, rest with the government, whether that government be federal, state, or municipal in character. The power and right to tax give rise to the power and right to collect and police that tax.

Section 5739.10, Revised Code, then read, in part, as follows:

"* * * provided that where a vendor does not have adequate records of receipts from his retail sales in excess of forty cents, the Tax Commissioner may refuse to accept the vendor's return, and upon the basis of test checks of the vendor's business for a representative period, and other information relating to the sales made by such vendor, determine the proportion that taxable retail sales bear to all his retail sales. The tax imposed by this section shall be determined by deducting from the sum representing three per cent of the receipts from such retail sales the amount of tax paid to the state by means of cancelling prepaid tax receipts in accordance with Section 5739.03 of the Revised Code. * * *"

Clearly, this section has been added by the General Assem-

bly for the benefit of the taxing authority, not for the benefit of the taxpayer. This section provides for the policing of the sales tax law in Ohio to insure that the taxes will be paid. It provides that the Tax Commissioner may conduct test checks, not the taxpayer.

The test check which is provided by Section 5739.10, Revised Code, cannot be interpreted to afford the taxpayer the means to avoid the keeping of complete and accurate records as required by Section 5739.11, Revised Code. To hold otherwise would excuse him from keeping such records.

To protect himself, the taxpayer need only keep complete and accurate records of his taxable sales, which he is under a duty to do by virtue of Section 5739.11, Revised Code, which, as effective here, read in part as follows:

"Each vendor shall keep complete and accurate records of sales, together with a record of the tax collected thereon, which shall be the amount due under Sections 5739.01 to 5739.31, inclusive of the Revised Code * * *."

This section is for the benefit of the taxpayer. By keeping complete and accurate records, he can prove exactly what his tax should be. The appellant by its own admission has not complied with the above section.

The method by which the appellant collects the tax it owes from the consumer may be found, as follows, in *Kresge* v. *Bowers, supra,* page 407:

" 'Each cash register in each store is supplied a bank of sales tax stamps, and stamps in the proper value are supposed to be cancelled whenever a sale in excess of 40 cents is made. From the amount of stamps so cancelled the company is then able to compute its total taxable sales. Appellant's cash registers do not have tapes and therefore there is no written record made of individual sales and only the amount of total sales can be ascertained by reading the register. * * *' "

This court held in that case that the amount of stamps cancelled by the appellant was not indicative of its tax liability under Sections 5739.01 to 5739.31 inclusive, Revised Code. However, the court did not hold that the amount of stamps cancelled did not indicate how much money was collected in the form of taxes from the customers.

Section 5739.01, Revised Code, as effective here, provided in part:

"The tax collected by the vendor from the consumer under Sections 5739.01 to 5739.31, inclusive, of the Revised Code, is not part of the price, but is a tax collection for the benefit of the state, and except for the discount authorized in Section 5739.07 of the Revised Code, no person other than the state shall derive any benefit from the collection or payment of such tax."

Section 5739.07, Revised Code, as effective here, provided in part:

"The Treasurer of State shall redeem and pay for any unused or spoiled tax receipts at their net value, and he shall refund to vendors the amount of taxes paid illegally or erroneously or paid on any illegal or erroneous assessment *where the vendor has not reimbursed himself from the consumer.* * * *." (Emphasis added.)

In other words, no one shall keep money collected as taxes for his own benefit. The appellant claims that it cancelled too many sales tax stamps, but due to a failure to keep records it is unable to prove this contention. It claims that it cancelled more stamps than it should have. However, it fails to show any evidence that proves that it did not actually collect money as taxes in the amount of stamps cancelled from the customers. The appellant is in effect saying, "I have collected more money in the form of taxes from my customers than I should have." This being the case, the burden being on the appellant to prove otherwise, it has no choice except to pay the money collected to the state regardless of its actual tax liability.

Finally, the appellant contends that, if it is refused a refund, the state will be depriving it of property without due process of law contrary to Section I, Fourteenth Amendment to the Constitution of the United States. We find no merit in this contention.

Section 5739.02, Revised Code, provides in part:

"For the purpose of the proper administration of Sections 5739.01 to 5739.31, inclusive, of the Revised Code, and to prevent the evasion of the tax, it is presumed that all sales made in this state are subject to the tax until the contrary is established."

The appellant has not proved in any way that it is not liable for the tax it has paid. In *Bull, Exr., v. United States,* 295 U. S. 247, 260, it is said:

"In recognition of the fact that erroneous determinations and assessments will inevitably occur, the statutes, in a spirit of fairness, invariably afford the taxpayer an opportunity at some stage to have mistakes rectified. Often an administrative hearing is afforded before the assessment becomes final; or administrative machinery is provided whereby an erroneous collection may be refunded * * *. *Thus the usual procedure for the recovery of debts is reversed in the field of taxation. Payment precedes defense, and the burden of proof, normally on the claimant, is shifted to the taxpayer.* * * *" (Emphasis added.)

In accordance with the above, we find (1) that the holding of the Board of Tax Appeals in this matter is not contrary to the holding in *Kresge* v. *Bowers, supra;* (2) that the appellant has not kept complete and accurate records of its taxable sales and the tax collected thereon; (3) that the amount of cancelled sales tax stamps is conclusive evidence of the amount of money collected from appellant's customers even though it is not a true indication of the appellant's tax liability; (4) that the appellant has failed to show that it has not been fully reimbursed from its customers in the amount claimed as a refund; and (5) that the money so collected must be kept by the state of Ohio.

The decision of the Board of Tax Appeals is hereby affirmed.

*Decision affirmed.*

TAFT, C. J., ZIMMERMAN, MATTHIAS, O'NEILL, HERBERT and BROWN, JJ., concur.

WASSERMAN, J., of the Eighth Appellate District, sitting for SCHNEIDER, J.