THOMPSON, APPELLEE, *v.* CITY OF CINCINNATI, APPELLEE; CITY OF LOVELAND, APPELLANT, ET AL.

(No. 38919—Decided June 23, 1965.)

*Messrs. Douglas & Carlier* and *Mr. Flach Douglas,* for plaintiff-appellee.

*Mr. William A. McClain,* city solicitor, and *Mr. William H. Brewe,* for defendant-appellee city of Cincinnati.

*Mr. Vernon Stiver,* director of law, for appellant.

*Messrs. Taft, Stettinius & Hollister* and *Mr. John W. Hudson,* for Cincinnati Union Terminal Company.

HERBERT, J. Although appellant, the city of Loveland, has discussed and alluded to numerous questions in its brief, the sole question presented by the record in its behalf is as follows: Can the city of Loveland levy an income tax on the wages of a resident, where such wages result from employment within another municipality and are subject to an income tax in that other municipality?

This court, through constitutional provisions and past decisions, is committed to certain legal principles in respect to the authority vested in municipalities to enact income taxes. Municipalities have the right to exercise all powers of local self-government and may adopt and enforce such local regulations that are not in conflict with the general law. Sections 3 and 7, Article XVIII, Ohio Constitution. Included within the above grant of authority is the power of taxation. See *State, ex rel. Zielonka, City Solr.,* v. *Carrel, Aud.,* 99 Ohio St. 220, 124 N. E. 134.

The General Assembly *may* pass laws providing for the taxation of incomes. Sections 8 and 9, Article XII, Ohio Constitution. However, until the state enters the field of income taxation as authorized by the Ohio Constitution, municipalities have within their general power of taxation the power to tax incomes. See *Angell* v. *City of Toledo,* 153 Ohio St. 179, approved and followed in *McConnell* v. *City of Columbus* (1961), 172 Ohio St. 95.

The power of a municipality to tax incomes is limited by certain constitutional provisions. The General Assembly may pass laws limiting the power of municipalities "to levy taxes * * * for local purposes" Section 13, Article XVIII, Ohio Constitution, and may "restrict their power of taxation * * * so as to prevent the abuse of such power" Section 6, Article XIII, Ohio Constitution.

The above constitutional provisions and judicial precedents clearly indicate that a municipality has the power to tax incomes

subject to all lawful restraints imposed by the General Assembly.

In 1957, the General Assembly exercised its constitutional authority to regulate municipal income taxes. See Chapter 718, Revised Code. Therein certain restrictions were placed upon the power of a municipality to tax incomes.

Pertinent to the question raised on appellant's behalf is the following provision:

"No municipal corporation shall levy a tax on income at a rate in excess of one per cent without having obtained the approval of such excess by at least fifty-five per cent of the electors of such municipality voting on the question at a general election or sixty per cent at a special or primary election." Section 718.01, Revised Code.

The above restriction provides in plain and unambiguous language that no *single* municipality may tax incomes at a greater rate than one per cent without prior voter approval. It does not provide that the city of Loveland is deprived of its power to tax incomes of its residents where such residents are also subject to an income tax by another municipality. Further, the above restriction cannot be construed to mean that the General Assembly sought to limit the total municipal income tax owed by any one individual to one per cent. The language used simply will not support such a construction.

In its present status, the law provides that *each* municipality has a constitutional right to exercise the powers of local self-government, including the power to tax incomes, and that this power is restricted only by the General Assembly and not by the actions of other municipalities.

Accordingly, the trial court erred in determining that only one of the municipalities in this cause had the right to collect an income tax of one per cent, and its judgment must be reversed.

There remains for consideration the claim of the plaintiff that to impose two municipal income taxes upon his wages is "discriminatory," a "violation of basic taxing principles," and "contrary to the manifest legislative intent of only taxing wages at one per cent as set forth in Ohio Rev. Code, Section 718.01."

As we have previously found the legislative intent to be otherwise, plaintiff's argument on this point is not well taken. We may thus turn to his other arguments.

Plaintiff, in support of his "discrimination" argument, relies upon *Youngstown Sheet & Tube* v. *City of Youngstown* (1951), 91 Ohio App. 431. Therein a municipal income tax ordinance which provided one rate for individuals and a substantially higher rate for corporations was held unconstitutional as contrary to the equal protection of the laws under Section 2, Article I of the Ohio Constitution, and under the Fourteenth Amendment to the Constitution of the United States.

The *Youngstown* decision preceded the enactment of Section 718.01, Revised Code, which provides, in pertinent part, as follows:

"No municipal corporation with respect to that income which it may tax shall tax such income at other than a uniform rate."

The evils present in the *Youngstown case* have been effectively prohibited by the General Assembly. There is also no claim in the instant case that the tax rate of either municipality is not uniform.

Plaintiff's "discrimination" argument is directed towards the fact that residents of the city of Loveland who work in the city of Cincinnati are subject to two taxes whereas residents of the city of Cincinnati who work in the city of Loveland are subject to but one tax. This result inures from the fact that the city of Cincinnati allows a tax deduction to all its residents who must pay an income tax on their wages from work performed outside the city. The city of Loveland does not.

The matter of exemptions and deductions regarding municipal income taxes is also covered in Chapter 718, Revised Code. The General Assembly has provided, in pertinent part, as follows:

"No municipal corporation shall exempt from such tax, compensation for personal services of individuals over eighteen years of age or the net profit from a business or profession.

"*Nothing in this section shall prevent a municipal corporation from permitting lawful deductions as prescribed by ordinance.*

"No municipal corporation shall tax the military pay or allowances of members of the armed forces of the United States, or the income of religious, fraternal, charitable, scientific, literary or educational institutions to the extent that such income is derived from tax exempt real estate, tax exempt tangible or intangible property or tax exempt activities." Section 718.01, Revised Code.

The import of the above provisions is clear; certain specific income may not be taxed, certain specific income must be taxed, and the authority to prescribe nonconflicting deductions is left to the municipality. We find no legislative mandate in the above provision which either prohibits the tax deduction allowed by the city of Cincinnati or requires that the city of Loveland provide a similar tax deduction.

We note in this regard that the General Assembly refused to enact a provision that would have obligated all municipalities to allow a tax deduction for income tax paid by a resident of a municipality on wages earned outside a municipality. See Glander, The Uniform Municipal Income Tax Act, 18 O. S. L. J. 489, 498 (1958). A similar deduction for the benefit of professions and businesses, which was enacted (Section 718.02, Revised Code), is not challenged by plaintiff.

It can, therefore, be concluded only that neither city in the instant case has acted contrary to the applicable statutes.

Finally, has plaintiff been "discriminated" against by reason of the fact that the municipality of his residence taxed wages that arose from personal service outside that municipality?

It has been previously determined by this court that a municipality may tax the income of a nonresident who works and receives his wages in that municipality. See *Angell* v. *City of Toledo, supra*; *McConnell* v. *City of Columbus, supra*; *Benua* v. *City of Columbus* (1959), 170 Ohio St. 64, 65, 66.

In *Angell*, at page 185, this court applied the test enunciated in *Wisconsin* v. *J. C. Penney Co.*, 311 U. S. 435, 85 L. Ed. 267, which states as follows:

"The test of whether a tax law violates the due process clause is whether it bears some fiscal relation to the protections, opportunities, and benefits given by the state, or in other words,

whether the state has given anything for which it can ask a return.

"The municipality certainly does afford protection against fire, theft, *et cetera*, to the place of business of plaintiff's employer and the operation thereof without which plaintiff's employer could not as readily run its business and employ help. In other words, the city of Toledo does afford to plaintiff not only a place to work but a place to work protected by the municipal government of Toledo."

The reasoning of the *Angell* decision is applicable here. Plaintiff is taxed by and receives benefits from, by his own volition, two municipalities. Because the plaintiff accepts benefits from two sources, we fail to see any "discrimination" in the fact that he is subjected to a separate tax for these separate benefits. See *Shaffer* v. *Carter, Aud.*, 252 U. S. 37, 64 L. Ed. 445; *Carley & Hamilton, Inc.,* v. *Snook*, 281 U. S., 74 L. Ed. 704.

To hold otherwise would destroy the spirit of the *Angell* decision; the burden of supplying the necessary revenue to maintain a municipality must rest on and be shared by those citizens who are provided with substantial benefits by the municipality.

We think, therefore, that a municipality may tax the wages realized within that municipality by a nonresident (*Angell, supra*) and may tax the wages of a resident realized from a source outside the municipality. See *City of Springfield* v. *Kurtz* (1951), 65 Ohio Law Abs. 593; *City of Springfield* v. *Kenney* (1951), 62 Ohio Law Abs. 123; *City of Springfield* v. *Krichbaum* (1950), 88 Ohio App. 329. See, also, *Lawrence* v. *State Tax Comm. of Mississippi* (1932), 286 U. S. 276, 76 L. Ed. 1102.

For the above reasons, the judgment of the Court of Appeals is reversed, and this cause is remanded for further proceedings according to law.

*Judgment reversed.*

TAFT, C. J., ZIMMERMAN, MATTHIAS, O'NEILL, VAN NOSTRAN and BROWN, JJ., concur.

VAN NOSTRAN, J., of the Fifth Appellate District, sitting for SCHNEIDER, J.