KEMP, Appellee,

v.

RAUDABAUGH et al., Appellants.

[Cite as *Kemp v. Raudabaugh* (1991), 76 Ohio App.3d 488.]

Court of Appeals of Ohio,
Auglaize County.

Nos. 2-91-5, 2-91-6.

Decided Dec. 4, 1991.

*Barrett G. Kemp, pro se.*

*Kraig E. Noble,* Law Director, for appellants.

THOMAS F. BRYANT, Presiding Judge.

These are appeals from a summary judgment and declaratory judgment entered by the Court of Common Pleas of Auglaize County in favor of plaintiff-appellee, Barrett G. Kemp, and against defendants-appellants, G. Edward Raudabaugh and the city of St. Marys.

On his 1988 municipal personal income tax return for St. Marys, appellee attempted to claim a deduction for losses incurred by a corporation of which he is a shareholder. The corporation is designated as a Subchapter S corporation for purposes of the Internal Revenue Code. Apparently, appellee attempted to pass through losses because the corporation had no income for purposes of the franchise tax.

Appellant Raudabaugh, who is the Tax Commissioner of St. Marys, denied the deduction, finding that all corporations, whether designated C or S corporations for purposes of the United States Internal Revenue Code, should be taxed the same way for purposes of the St. Marys Income Tax Ordinance. His decision, in effect, disallowed any pass through of profit or loss of S corporations to individual shareholders' tax returns.

Appellee appealed the tax commissioner's decision to the St. Marys Board of Tax Review, which affirmed. Appellee then appealed to the Auglaize County Court of Common Pleas, which reversed the decision of the tax commissioner and board of tax review. In addition, appellee filed a declaratory judgment action in the court of common pleas asking the court to declare that the tax commissioner's interpretation of the St. Marys Income Tax Ordinance was inconsistent with previous interpretations and such interpretation was incorrect. The court granted declaratory judgment in favor of appellee.

Appellants appeal both decisions and those appeals have been consolidated for purposes of briefing, oral argument and this opinion. Appellants assert two assignments of error on appeal, the first of which is:

"The court erred in holding that federal law preempts Ohio municipal corporations from imposing an income tax on Subchapter S corporations at the corporate level."

The Internal Revenue Code, Section 1363, provides that S corporations are not subject to taxes which are imposed on C corporations. Instead, the taxable income or losses of S corporations are passed through to the shareholders.

■ The St. Marys Income Tax Ordinance does not make any distinction between corporations. Section 181.02(e) defines "corporation" as "a corporation or joint stock association organized under the laws of the United States, the State of Ohio, or any other state, territory or foreign country or dependency." A corporation designated as Subchapter S for federal income tax purposes is a corporation for all purposes under Ohio law and "Subchapter S" has no meaning with respect to the St. Marys Income Tax Ordinance.

Tax returns involving S corporations were not filed with the St. Marys Tax Department until changes were made in the Internal Revenue Code in 1982. Until that time, St. Marys had never addressed the issue of S corporation tax returns under its tax ordinance. The tax commissioner ultimately determined that the ordinance made no distinction between S and C corporations; therefore, both should be taxed at the corporate level and no pass through to individual shareholders would be allowed.

In holding that the Internal Revenue Code preempts municipalities from treating S corporations in any manner other than provided by that code, the trial court cited no authority. The court ignored longstanding Ohio law which provides that the power to tax rests with the federal, state *and municipal* governments. *S.S. Kresge Co. v. Bowers* (1965), 2 Ohio St.2d 113, 116, 31 O.O.2d 188, 189, 206 N.E.2d 905, 908. The court also ignored the Uniform Municipal Income Tax Law, R.C. Chapter 718, which provides that municipalities have the power to tax income subject to restraints imposed by the General Assembly. *Thompson v. Cincinnati* (1965), 2 Ohio St.2d 292, 294, 31 O.O.2d 563, 564, 208 N.E.2d 747, 749. See, also, *Tiffin v. Hess* (May 16, 1980), Seneca App. Nos. 13–79–14 and 13–79–15, unreported.

■ States have wide discretion in setting taxes. *Allied Stores of Ohio, Inc. v. Bowers* (1959), 358 U.S. 522, 526, 79 S.Ct. 437, 440, 3 L.Ed.2d 480, 484. When acting in a public capacity, municipal corporations function as agents of state government. *Cincinnati v. Cameron* (1878), 33 Ohio St. 336, 367. Taxation is recognized as a governmental act. *Pierce v. Hamilton* (1931), 40 Ohio App. 338, 342, 178 N.E. 432, 433, citing *State ex rel. Toledo v. Cooper* (1917), 97 Ohio St. 86, 119 N.E. 253.

■ Neither the trial court nor the appellee cites any authority indicating that the Internal Revenue Code is intended to preempt a municipal corporation's ordinance with respect to taxation of an S corporation. "Federal

preemption of state law must be explicit or compelled due to an unavoidable conflict between the federal and state law." *In re White Motor Credit Corp.* (N.D.Ohio 1987), 75 B.R. 944, 950.

Our research has revealed nothing which would prevent a municipal corporation from imposing its own tax on a corporation classified as an S corporation for federal income tax purposes. We have found no explicit or implicit preemption evident from our review of the Internal Revenue Code.

Federal law preempts state law only when such an "intention may be inferred from a federal scheme so pervasive as to leave no room for states to supplement it." *Ash v. Bd. of Review* (1986), 26 Ohio St.3d 158, 162, 26 OBR 136, 139, 497 N.E.2d 724, 727. We do not infer such a pervasive federal scheme from the Internal Revenue Code, at least with respect to taxation of S corporations.

■ To the contrary, the Internal Revenue Code, Section 1363(a), provides that "an S corporation shall not be subject to the taxes imposed by this chapter." We interpret that language to be a statement of Congress' intention that the code apply to S corporations only with respect to federal, not state or local, taxes.

We find the appellants' first assignment of error to be well taken.

Appellants' second assignment of error asserts as follows:

"The court erred in holding that the city of St. Marys was estopped from disallowing taxpayer[']s deduction of Subchapter S corporate losses on his individual return."

■ The trial court also held that the doctrine of equitable estoppel should bar the tax commissioner from enforcing his decision. The extent of the trial court's discussion concerning this doctrine is "that principles of law, equity, and the doctrine of equitable estoppel should and ought to bar Defendant–Appellee from enforcing its previous determination."

In holding that the doctrine of estoppel is applicable, the trial court ignored the law of Ohio which provides that, generally, the doctrine of "estoppel does not apply against a state or its agencies in the exercise of a governmental function." *Besl Corp. v. Pub. Util. Comm.* (1976), 45 Ohio St.2d 146, 150, 74 O.O.2d 262, 265, 341 N.E.2d 835, 838. More specifically, the principle of estoppel does not apply against the state with regard to taxing statutes. *Am. Handling Equip. Co. v. Kosydar* (1975), 42 Ohio St.2d 150, 153, 71 O.O.2d 120, 122, 326 N.E.2d 660, 662.

Not only does the doctrine of estoppel not apply against the state and its agencies in this case, but appellee has failed to prove the elements required. Accordingly, the trial court's ruling in this regard was erroneous.

Based on the foregoing, we find that appellants' second assignment of error is well taken.

Accordingly, the judgments of the Court of Common Pleas of Auglaize County are reversed and the causes are remanded for proceedings not inconsistent with this opinion.

*Judgments reversed*
*and causes remanded.*

EVANS and SHAW, JJ., concur.