OPINION
Appellants Stephen W. VonKaenel, et al., appeal from the March 27, 2000, Judgment Entry of the Tuscarawas County Court of Common Pleas.
 STATEMENT OF THE FACTS AND CASE
Appellants Stephen W. VonKaenel, Mark R. VanSickle, Jeffrey Scott and Larry Wisintainer, residents of Tuscarawas County, Ohio, are employed by United Parcel Service. While appellants do not reside in the City of New Philadelphia, Ohio, all work out of United Parcel Service's New Philadelphia office. However, only a limited portion of their work day is spent within New Philadelphia's city limits. On or about October 13, 1997, New Philadelphia's Council passed Ordinance No. 53-97 to amend Ordinance No. 3283, which was known as the city income tax ordinance. Section 1 of Ordinance 53-97 provides as follows: Subsection a 2 of Section 3 Imposition of Tax of Ordinance 3283 is hereby amended to read as follows:
 Section 3 Imposition of Tax a 2. On all wages, salaries, commissions and other compensation earned during the effective period of the Ordinance for work done or services performed or rendered in the City of New Philadelphia which shall include all payments made through a New Philadelphia employment or business address without any allocation to time spent working outside New Philadelphia compared to time working within New Philadelphia.
Ordinance No. 53-97 was declared to be an emergency measure that would take effect immediately upon its passage and approval. Subsequently, appellants, on June 11, 1999, filed a complaint for declaratory judgment pursuant to R.C. Section 2721.01, et. seq. against appellee City of New Philadelphia. Appellants, in their complaint, alleged that Section 1 of Ordinance No. 53-97 violated R.C. Section 718.02. Appellants further alleged that Section 1, by taxing the income of non-residents earned outside the city of New Philadelphia, violated the terms of the Ohio Constitution, the Due Process Clause and the Equal Protection Clause of the 14th Amendment to the United States Constitution, and the Privileges and Immunities Clause of the United States Constitution. Appellee, with leave of court, filed an answer on July 22, 1999. Thereafter, a Motion for Summary Judgment was filed by appellants on February 18, 2000. Appellant Stephen W. VonKaenel, in the affidavit attached to such motion, stated that he spends a significant portion of his work day making deliveries outside the New Philadelphia city limits and that many of his deliveries consist of packages "originating from outside the city limits of New Philadelphia, Ohio, and being delivered to persons residing outside the city limits of New Philadelphia, Ohio." On March 3, 2000, appellee filed a Motion for Summary Judgment and memorandum in opposition to appellants' motion. The trial court, pursuant to a Judgment Entry filed on March 27, 2000, granted appellee's Motion for Summary Judgment while overruling that filed by appellants. The trial court, in its entry, specifically held that "New Philadelphia, Ohio Municipal Ordinance Number 53-97 is declared constitutional and not in derogation of Section718.02(A), Ohio Revised Code, Article I Section 16, Ohio Constitution,Fourteenth Amendment to the United States Constitution and the Privileges and Immunities Clause of the Constitution of the United States of America." It is from the trial court's March 27, 2000, Judgment Entry that appellants now prosecute their appeal, raising the following assignment of error:
 THE TRIAL COURT ERRED AS A MATTER OF LAW IN GRANTING SUMMARY JUDGMENT FOR THE APPELLEE AND AGAINST APPELLANT, AND IN DETERMINING THAT AMENDED SECTION 3(a)(2) OF NEW PHILADELPHIA TAX ORDINANCE 3283 WAS NOT UNCONSTITUTIONAL UNDER THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION, THE PRIVILEGES AND IMMUNITIES CLAUSE OF THE CONSTITUTION OF THE UNITED STATES, AND ARTICLE 1, SECTION 16 OF THE OHIO CONSTITUTION.
 SUMMARY JUDGMENT STANDARD
Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc. (1987), 30 Ohio St.3d 35,36. Civ.R. 56(C) states in pertinent part: Summary Judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law . . . A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in the party's favor.
It is based upon this standard we review appellants' sole assignment of error I Appellants, in their sole assignment of error, argue that the trial court erred in granting appellee's Motion for Summary Judgment while denying that filed by appellants. Appellants specifically contend that the trial court erred in holding that Ordinance No. 53-97 is "not unconstitutional" under the United States and Ohio Constitutions. Prior to addressing appellants' assignment, we note that it is well established that "* * * strict construction of taxing statutes is required, and any doubt must be resolved in favor of the citizens upon whom or the property upon which the burden is sought to be imposed." Gulf Oil Corp. v. Kosydar (1975), 44 Ohio St.2d 208, 218. Appellants in the case sub judice do not dispute that appellee, as a municipality, has authority to tax the income of non-residents that is earned within appellee's borders. However, appellants argue that "the limits of the constitutional authority for taxation on the income of non-residents is that the income must have been actually derived either from property located within the city or municipality or from work done or services performed within the state or municipality." In short, appellants maintain that appellee cannot tax the portion of appellants' income that is earned outside the city limits of New Philadelphia. Pursuant to Sections 3 and 7, Article XVIII of the Ohio Constitution, municipalities such as appellee have the "right to exercise all powers of local self-government and may adopt and enforce such local regulations that are not in conflict with the general law." Thompson v. Cincinnati (1965), 2 Ohio St.2d 292, 294. The power of taxation is included within the above grant of authority. Id. However, a municipality's power to levy taxes is not unlimited and is subject to constitutional limitations. Id. at 294-295. For example, Section 13 of Ohio Constitution Article XVIII provides, in part, that "[l]aws may be passed to limit the power of municipalities to levy taxes . . ." In addition, the Ohio Constitution, in Section 6, Article XIII, authorizes the General Assembly to restrict a municipality's power of taxation "so as to prevent the abuse of such power." The General Assembly, in enacting Ohio Revised Code Chapter 718, established specific limitations upon a municipality's power to levy income taxes. R.C. 718.02(A) provides as follows: (A) In the taxation of income that is subject to municipal income taxes, if the books and records of a taxpayer conducting a business or profession both within and without the boundaries of a municipal corporation disclose with reasonable accuracy what portion of its net profit is attributable to that part of the business or profession conducted within the boundaries of the municipal corporation, then only such portion shall be considered as having a taxable situs in such municipal corporation for purposes of municipal income taxation. In the absence of such records, net profit from a business or profession conducted both within and without the boundaries of a municipal corporation shall be considered as having a taxable situs in such municipal corporation for purposes of municipal income taxation in the same proportion as the average ratio of: (2) Wages, salaries, and other compensation paid during the taxable period to persons employed in the business or profession for services performed in such municipal corporation to wages, salaries, and other compensation paid during the same period to persons employed in the business or profession, wherever their services are performed, excluding compensation described in division (F)(8) of section 718.01 of the Revised Code;
While a municipality has the power to tax, it must exercise such power so as not to violate the due process clause. See Angell v. Toledo (1950), 153 Ohio St. 179. "[T]he test of whether a tax law violates the due process clause is whether it bears some fiscal relation to the protections, opportunities, and benefits given by the state, or, in other words, whether the state has given anything for which it can ask a return." Id. at 185, citing Wisconsin v. J.C. Penney Co. (1940),311 U.S. 435. See also McConnell v. City of Columbus (1961),172 Ohio St. 95, 100. In applying the "fiscal relation" test to the facts of the case sub judice, we find that the City of New Philadelphia violated the due process clause to the extent that it imposed an income tax on the portion of appellants' salaries that was attributable to work done outside the New Philadelphia city limits. As is stated above, appellants, who are non-residents of the City of New Philadelphia, are employed as delivery men by United Parcel Service. While appellants report to United Parcel Service's office in New Philadelphia, they spend a significant portion of their work day making deliveries outside of the city. Any direct benefit that appellants receive from the City of New Philadelphia while they are working outside of New Philadelphia is limited. Moreover, the mere fact that the City of New Philadelphia provides services to appellants' employer, such as protection against fire and theft, is insufficient, to justify a tax upon appellants under the "fiscal relation" test for work performed by appellants outside of the City of New Philadelphia. See Toliver v. City of Middletown (June 30, 2000), Butler App. No. CA99-08-147, unreported and Miley v. City of Cambridge (June 25, 1997), Guernsey App. No. 96 CA 44, unreported. Accordingly, based on the foregoing, we hold that City of New Philadelphia Ordinance No. 53-97 is unconstitutional to the extent that it imposes an income tax on the portion of appellants' salaries attributable to work performed outside the City of New Philadelphia. We further find, however, that the City of New Philadelphia is entitled to collect income taxes on any portion of appellant's salaries that is attributable to work performed within the city limits. Appellants' sole assignment of error is, therefore, sustained in part.
The judgment of the Tuscarawas County Court of Common Pleas is reversed in part. We find that Ordinance 53-97 is unconstitutional to the extent that it imposes an income tax on the portion of appellants' salaries that is attributable to work performed outside the City of New Philadelphia.
Edwards, J. Gwin, P.J. and Wise, J. concur