OPINION
{¶ 1} Defendant-appellant, John Willard, appeals a decision of the Hamilton Municipal Court, granting judgment in favor of plaintiff-appellee, the city of Hamilton, in an action to collect past due city taxes.
 {¶ 2} The parties do not dispute the relevant facts in this case. Appellant works in the city of Hamilton which assesses a two percent tax on income earned from employment within the city. Appellant resides in the city of Greenhills which assesses a one percent tax on the income of its residents. While the city of Hamilton grants its citizens a credit for local income tax paid on income earned outside the city, Greenhills apparently does not offer such a credit. Appellant independently concluded that Hamilton should therefore credit his income tax due with the amount he paid to Greenhills. He prepared his tax returns in this manner, and the city of Hamilton subsequently brought suit to recover the remaining tax due.
 {¶ 3} The trial court ruled in favor of the city of Hamilton, reasoning that the city treated appellant as any other taxpayer. The trial court noted residents and nonresidents alike are subject to a two percent income tax rate. The trial court pointed out that the perceived disparity in Willard's tax obligation was due to the Greenhills' tax code which does not grant its residents credit for local taxes paid to the municipality in which income is earned. Appellant appeals, raising a single assignment of error:
 {¶ 4} "It was error for the court to find it contrary to the appellant in the instant case because levying a tax against the appellant by the city of Hamilton without permitting credit for tax paid to other entities was both unconstitutional and violated state Law, requiring all tax to be uniform."
 {¶ 5} Appellant's argument is premised on R.C. 718.01(B) which states that "no municipal corporation with respect to that income it may tax shall tax such income other than at a uniform rate." Appellant maintains his argument that the city of Hamilton, by granting its residents credit for local income tax paid on income earned in another municipality but not granting the converse deduction to nonresidents who earn income within the city, is levying a tax at a nonuniform rate.
 {¶ 6} We agree with the trial court that this contention has no merit. The city of Hamilton levies a uniform two percent income tax on its income earning residents and nonresidents who earn income within the city, alike. While appellant is subject to two local income taxes, this is not the result of Hamilton's levying of an income tax at a nonuniform rate. It is simply the case that Greenhills does not allow a deduction to its residents for local income tax paid on income earned outside the city.
 {¶ 7} This precise situation was addressed by the Ohio Supreme Court in Thompson v. City of Cincinnati (1965), 2 Ohio St.2d 292, 296. While appellant contends that Thompson is not dispositive of the present matter because it did not reach the argument he posits, our reading of the case reveals otherwise. Interpreting R.C. 718.01, the court held that there was "no prohibition" against the type of deduction allowed by the city of Hamilton, nor "any requirement" that another municipality, such as Greenhills, provide a similar deduction. Id. at 297. Finally, theThompson court concluded that a similarly situated taxpayer had not suffered any "discrimination" as a result of the dual taxation. Appellant has failed to present any authority to the contrary. Accordingly, the assignment of error is overruled.
Judgment affirmed.
YOUNG, P.J., and POWELL, J., concur.