## No. 228

### COYNE v. MET. LIFE INS. CO. et

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 7827. Decided Feb. 7, 1927

Judges Mauck, Sayre & Middleton, 4th Dist., sitting.

**647. INSURANCE**—Where clause in policy provides that Company may pay the amount thereof, upon death of insured, to insured's wife, husband or other persons named, it is an option given the company to pay any one of the persons having the necessary qualifications; and a plaintiff, although a creditor of insured, cannot enforce payment, she not having been named beneficiary.

**First Publication of this Opinion**

SAYRE, J.

Binnia Coyne brought suit in the Cleveland Municipal Court to recover on a check given by the Metropolitan Life Insurance Co. to her and C. D. Benson for $561. The check, it was alleged, had been endorsed by Benson, and was presented for payment; but same was refused because payment had been stopped by the Company.

The Insurance Company filed an interpleader the sum of $561 was paid into court and it was discharged from liability to Benson. The affidavit of the Company recited that two policies were issued to Catherine Benson, the insured, and that among the conditions of the policies was a "facility of payment" clause, by which the Company may ymake any payment - - to the insured wife or husband or to any relative by blood or connection by marriage of the insured or to any other person - - - - equitably entitled to same by reason of having incurred expenses on behalf of the insured.

It was claimed that upon death of the insured, C. O. Benson and Coyne both claimed they were entitled to the amount of the policies; that the check was delivered to Benson and that Coyne secured his endorsement, but would not pay Benson his share. Therefore the check was stopped.

Benson claimed he was entitled to one half of the proceeds of the check; and a third claim was made for services in the burial of the insured. The Court ordered this last claim paid out of the fund and the balance to Coyne, who prosecuted error, claiming all. The Court of Appeals held:

1. Coyne testified that she had the policies taken out; but there is no allegation or evidence that she was the beneficiary named in the policies.

2. The provision in the policy provided that the Company may make payment to the insured's husband, wife or other persons named; but the company has refused to exercise its right under this clause of the policy.

3. By the terms of this clause and the policy, an option is given the Company to pay to any one of the persons having the qualifications named in the clause. This option of itself necessarily excludes any right on part of the plaintiff to enforce payment, she not having been named as beneficiary or otherwise designated as the person to whom the sum was to be paid.

4. Coyne has no right to enforce payment of the amount stipulated, nor has she any rights as a creditor, although she testified that Mrs. Benson owed her money, she did not base her claim on the theory that she was a creditor and was assigned the policy for security.

5. While the judgment is erroneous, the error lies not in the fact that Coyne gets less than she was entitled to, but because she gets more. She is in no position to complain of the judgment; and because no one who was prejudiced by the error is in this court complaining, the judgment must be affirmed.

Judgment therefore affirmed.

(Mauck, PJ., and Middleton, J., concur.)

Attorneys—H. R. Scobie for Coyne; A. B. Cook for Company, et; all of Cleveland.