## CHASE v PRUDENTIAL LIFE INS CO et

Ohio Appeals, 2nd Dist, Franklin Co

No 2668. Decided April 24, 1937

**440**

B. B. Bridge, Columbus, for plaintiff-appellant.

Coughlin, Ogier & Lloyd, Columbus, for Beulah Roop.

## OPINION

By BARNES, PJ.

The above entitled cause is now being determined on an appeal on questions of law and fact from the judgment of the Court of Common Pleas of Franklin County, Ohio.

The original action was purely an action at law· wherein the plaintiff, as administratrix of Thomas W. Bowman, deceased, sought to recover from the defendant The Prudential Life Insurance Company of America and others the total amount due on two life insurance policies issued by the defendant company on the life of Thomas W. Bowman.

The total amount of the two policies was $1008.61. Each of the two policies is identical in form, except as to amount and dates.

The policies were payable after the payment of all premiums for twenty full years, or on the death of the insured.

The following was the provision as to beneficiary of the policy:

"immediately upon receipt of due proof of the death of the insured during the continuance of this policy, the amount of insurance herein specified, to the executors or administrators of the insured, unless payment be made under the provisions of the next succeeding paragraph."

The succeeding paragraph provided for facility of payment, and read as follows:

**"Facility of Payment.** It is understood and agreed that the said company may make any payment or grant any nonforfeiture provision provided for in this policy to any relative by blood or connection by marriage of the insured, or to any person appearing to said company to be equitably entitled to the same by reason of having incurred expense on behalf of the insured, for his or her burial, or for any other purpose, and the production by any or either of said persons or of other sufficient proof of such payment or grant of such provision to any or either of them shall be conclusive evidence that such payment or provision has been made or granted to the person or persons entitled thereto. and that all claims under this policy have been fully satisfied."

The plaintiff's petition was filed December 30, 1933. On January 25, 1934, the defendant The Prudential Life Insurance Company of America filed an affidavit for interpleader, in which it was stated that the subject of the action was the sum of $1008.61, being the proceeds of two certain policies of life insurance, Nos. 76813344 and 76813345, on the life of Thomas Wesley Bowman, deceased. The affidavit further stated that Beulah Roop and C. E. Hill each make a claim to the subject of the action and that the defendant being ignorant of the rights of the respective claimants, requests and offers to pay the amount into court in order that said claimants may interplead and settle their claims between themselves.

On January 24, 1934, Beulah Roop filed an answer and cross-petition, wherein she states, among other things, that Thomas Wesley Bowman, deceased, was her brother and that the administratrix named as plaintiff was a divorced wife; that Thomas Wesley Bowman died on or about the first day of December, 1933, and that there was accrued on the policies of insurance issued by the defendant company the sum of $1008.61. That she paid the weekly premiums on said policies, totaling $218.45; that she had held possession of the policies of insurance and the payment receipt books; that she had turned the policies and receipt books over to the Insurance Company, together with proof of death; that the Insurance Company had issued its check to her for the full amount but before same was delivered plaintiff's action was instituted and the company enjoined from paying her. There was also the further averment. in Mrs. Roop's answer that she had obligated herself for the payment of the funeral expenses, amounting to $371.50, and also for a monument in the sum of $200.00. That her brother, Thomas Wesley Bowman, was otherwise indebted to her, as a balance due for board and room in the sum of

$294.55, and the sum of $150.00 for the burial of her father, the sum total of all obligations being $1244.50.

By way of cross-petition, she further averred that the proceeds of said insurance policies was due to her by reason of her having made the premium payments and being the holder of said policies at the time of the death of the said Thomas Wesley Bowman, and the further reason of incurring the obligations stated.

The prayer asks that plaintiff's petition be dismissed and that the Insurance Company pay to her the proceeds of the insurance policies.

The trial court, by entry, sustained the Insurance Company's application for interpleader and ordered that it pay the sum of $1008.61 into court, which was accordingly done.

On February 16, 1934, one Orville Bowman, brother of the deceased, filed an answer and cross-petition, in which he averred that Thomas Wesley Bowman died intestate a resident and inhabitant of the Village of Atlanta, Pickaway County, Ohio, on the 1st day of December, 1933. He further alleges that on the 6th day of December, 1933, this answering defendant filed an application for the release of the assets in Pickaway County, Ohio, on the ground that the estate of said decedent was less than $500.00, and that the Probate Court of Pickaway County relieved the estate of administration. The prayer of the answer was that the fund be directed to be paid to the cross-petitioner to be disposed of in accordance with law and the orders of the Probate Court of Pickaway County, Ohio.

C. E. Hill also filed an answer and cross-petition, in which he challenges the legality of the appointment of the plaintiff as administratrix and her right to bring the action in Franklin County. In his cross-petition he stated that he was employed as undertaker, and following such employment prepared the body for burial, furnished all the necessary articles and conducted the funeral; that the funeral expense incurred was $385.34. He prayed in the alternative that the Clerk of Courts be ordered to pay to him the sum of $385.34, as a preferred claim, or in the event the court determines that the fund should be paid to the estate of the decedent, that Orville Bowman be declared to be the duly authorized representative of said estate.

Before trial all pleadings were amended. It is not necessary to make any detailed reference to the amendments in the pleadings.

One of the first questions to be determined is whether or not the plaintiff had any right to bring the action by reason of her appointment as administratrix by the Probate Court of Franklin County, Ohio.

Judge Charles C. Young, Probate Judge of Pickaway County, Ohio, was called as a witness and after identification, the record in his court was read in evidence and appears at page 12 of the bill of exceptions.

Orville Bowman, brother of the decedent, Thomas Wesley Bowman, on December 6, 1933, filed an affidavit in the Probate Court of Pickaway County, Ohio, wherein he recited that Thomas Wesley Bowman, late of the Township of Perry, in Pickaway County, Ohio, died intestate on the 1st day of December, 1933, leaving no widow and the following persons entitled to share in the distribution of his estate, whose names, relationship to the decedent and addresses are as follows: Jackie Bowman, aged fourteen years, relationship, son, address, Columbus, Ohio.

The affidavit further stated that the decedent owned no real estate at the time of his death, and the only personal property was one 1929 Ford roadster, clothing and one week's wages due from the City of Columbus, of the total estimated value of $85.00. That the debts owing by decedent were the following: B. C. Hughes, Atlanta, Ohio, groceries, $3.60; Beulah Roop, Columbus, Ohio, loan of $100.00. The application and affidavit request that the estate be relieved from administration by reason of the fact that it amounts to less than $500.00, and that payment or delivery be made to the following persons: Orville Bowman, Bellevue, Ohio, all property.

No notice was served on creditors or next of kin. On the same day the Probate Court of Pickaway County, made the following order:

"This day Orville Bowman appeared in open court and filed an application to relieve the estate of the within named decedent from administration. It appearing to the court that the estate of said decedent is less than $500.00 in value and it appearing that creditors will not be prejudiced thereby it is ordered that said estate be relieved from administration and that the property described in said application be paid or delivered to the persons named below: Orville Bowman, address

Bellevue, all property. C. C. Young, Probate Judge."

The proceedings in Pickaway County were under and by virtue of §10509-5 GC.

Sec 10509-5 GC reads in part as follows:

"When satisfied that the assets of an estate is of less value than $500.00, the court may in its discretion upon application and proper showing make an order relieving such estate from administration and directing payment to the proper person. Such order shall have the same effect as administration proceedings in freeing the land in the hands of an innocent purchaser for value from impossible claims by creditors."

Counsel for plaintiff urges that the above-quoted section of the Code is unconstitutional, for the reason that it merely provides for summary action without notice to heirs or interested parties and without hearing.

This section was a part of the new Probate Code and since its enactment has been amended so as to remove questionable infirmities. We do not deem it necessary to pass on the constitutionality of the section. It is apparent that no administrator was appointed for the estate. The Probate Court in no sense undertook to administer the fund arising from the proceeds of the life insurance policy. In no event would the proceedings in Pickaway County have any control over any assets other than those mentioned in the affidavit. If Pickaway County was the residence of the decedent further action would be requisite looking to the appointment of an administrator in Pickaway County.

Looking to the record in the instant case we think it supports the claim that Thomas Wesley Bowman at the time of his death was a resident of Franklin County.

. It is not always easy to determine legal residence of an unmarried person. Mr. Bowman spent most of his time in Columbus, Ohio, where he was employed. He rented a room by the week, where he slept. At week ends he would go to see his mother in Pickaway County. Under such a situation he might have declared either county as his legal residence. We think the evidence supports the claim that ▆▆▆▆ he voted in Franklin County, and this would establish a residence. The registration card was signed Thomas W. Bowman, and these cards show that he gave as his residence at the time of voting the street and house number where he lived. There was a notation on the card, written by some of the election officers, giving the name as Thomas William Bowman, whereas the decedent's name was Thomas Wesley. This is evidently a clerical error.

It is our conclusion that the administration was properly taken out in Franklin County.

We now consider the claims of the several claimants to the fund.

Following the appeal to this court, the son, Jackie Bowman, through his next friend, filed an answer and cross-petition seeking the fund in the event the same was not paid to his mother, as administratrix. The policies specifically provide that upon proof of the death of the insured, the amount of the insurance is payable to the executors or administrators, unless payment be made under the provisions of a "Facility of Payment" clause. The plaintiff is the administrator, and thereby is entitled to payment, unless the Facility of Payment clause takes that right away. This clause will bear no other construction than that it vests a discretion in the company to make payment ▆▆▆▆ to the ones designated under such clause. The clause does not vest a right in any of the designated persons. The identical question has been before the courts of this state, and other states, on numerous occasions. The Court of Appeals of Hamilton County considered the identical question in the case of **Rogers v The Metropolitan Life Insurance Company, 16 Oh Ap 283.** The syllabus reads as follows:

"The amount payable under an insurance policy of the industrial class designating no beneficiary but containing a facility-of-payment clause that the company may make payment 'to the executor or administrator, husband or wife, or any relative by blood or connection by marriage of the insured, or to any other person appearing to said company to be equitably entitled to same,' becomes personal property of the estate upon the death of insured and passes to the personal representative, subject to the company's rights under the facility-of-payment clause, and only the personal representative can enforce the payment by suit."

The case of Lewis v The Metropolitan Life Insurance Company, 178 Mass. 52, is

cited, and therein the same principle is announced.

We also make reference to the case of **Burns v The Western & Southern Life Insurance Company,** decided by the Court of Appeals of Cuyahoga County, and found in **Volume 35, Oh Ap, page 261, (8 Abs 180).** The three syllabi read as follows:

"1. Facility of payment clause held to give insurer option of paying insurance to any one having qualifications named in clause.

"2. Party holding industrial policy and premium book could not enforce payment, where such party did not come within class named in facility-of-payment clause.

"3. That party claiming to be beneficiary of industrial policy had possession thereof and paid premiums did not entitle her to recover."

The opinion in this case, by Sherick, Judge, should be read in its entirety.

The case of **Coyne v The Metropolitan Life Insurance Company, 5 Abs 181,** is in point.

We quote from this case as follows:

"Where clause in policy provides that company may pay the amount thereon upon the death of insured, to insured's wife, husband or other persons named, it is an option given the company ·to pay any one of the persons having the necessary qualifications; and a plaintiff, although a creditor of insured, can not enforce payment, she not having been named beneficiary."

We also refer to **Volume 22, Ohio Jurisprudence** 269, and Volume 37 Corpus Juris, at page 588.

The instant case has some distinguishing facts that should be referred to. The record supports the claim that the defendant The Prudential Life Insurance Company had made out its check to the sister, Beulah Roop, and placed the same in the hands of its agent in Columbus for delivery to Mrs. Roop. Before the same was delivered plaintiff's action was filed and the check was never delivered. There should be no difficulty in determining that Mrs. Roop had no right to the check until the same was delivered. Until delivery the company had a right to recall it without assigning any reason for so doing. Counsel for Mrs. Roop urges that the Insurance Company did not voluntarily recall the check, but was compelled to do so because of the temporary mandatory injunctive order of the Court of Common Pleas. Assuming that this contention be correct, we search the record to ascertain what action the Insurance Company took. It filed an affidavit of interpleader requesting the right to pay the money into court. This affidavit for interpleader asked that Mrs. Roop and Mr. Hill be notified since they were asserting a claim against the policies. The court was asked to ▬▬▬▬ ▬ determine the rights of the parties. The legal effect of this action on the part of the Insurance Company was to renounce any steps that it may have taken preliminary to payment of the fund to Mrs. Roop.

Had the Insurance Company come into court and by answer or other pleading have stated that it had exercised the option under the facility of payment clause and desired to pay the fund to Mrs. Roop, we would have an entirely different situation, and under such condition her equities would be superior. The effect of such a pleading by the Insurance Company would be to say they intended to pay the amount to Mrs. Roop and still desired so to do and would so do but for the injunctive order. In other words, the court is powerless to grant equitable relief to Mrs. Roop unless it affirmatively appears that the Insurance Company so desires. That the Prudential intended so to do appear, but the language of their affidavit for interpleader renounces their earlier intention.

We are unable to find that Mr. Hill, the undertaker, presents any equitable rights for favorable order in this court, and should be relegated to his rights by presenting his claim to the administratrix.

The finding will be in favor of the administratrix.

Exceptions will be allowed.

HORNBECK and GEIGER, JJ, concur.

## ON MOTION FOR REHEARING

### Decided May 1, 1937

By THE COURT

Counsel for one of the appellees files motion for a re-hearing and new trial.

Seven separate specifications are set forth in the application.

There being no memoranda accompanying the application we assume that the same is made in the interests of preserving the record.

We find no new questions raised in any

444

of the specifications. The application for a rehearing will be overruled. Also considering the application as a motion for new trial, the same is overruled.

BARNES, PJ, HORNBECK and GEIGER, JJ, concur.