CONLEY, APPELLANT, *v.* CONLEY, APPELLEE.

[Cite as Conley v. Conley (1975), 45 Ohio App. 2d 1.]

(No. C-74352—Decided April 28, 1975.)

*Messrs. Beirne & Wirthlin,* for appellant.

*Messrs. Weber, Hensley & Nurre,* for appellee.

PALMER, J. The plaintiff, the appellant wife, and her former husband, the defendant-appellee, executed a handwritten document during their marriage purporting to set out their respective financial obligations in the conduct of the marriage. It provided *inter alia* for the payment of money by the husband to the wife, but contained no recital of reciprocal duties. Although apparently drafted without benefit of counsel, the document was clearly labeled "Mu-

tual Agreement of Financial Arrangements Base (sic) on Staying Together With Mutual Understanding of an Open Marriage Policy." The marriage terminated in divorce, incident to which the husband ceased his weekly payments to the wife. She then sued on a theory of breach of the putative contract, seeking to recover a money judgment in the amount of $2184.06 and such other relief as the court might deem appropriate. The trial court, sitting without a jury, made written findings of fact supportive of its conclusion that the document was not enforceable, and rendered a judgment for the husband.

The single assignment of error raised by the wife in her appeal from that judgment asserts that the conclusion of law was contrary to law. Preliminarily, we would reiterate the principle that it is the appellant's burden to exemplify error complained of. *Cf.* App. R. 9(B). Here, the transcript of proceedings was filed out of time and is therefore not before this court. App. R. 10(A). A deposition physically contained in the transcript of the docket and journal entries was filed *after* a motion for summary judgment had been ruled upon, and is not before this court because it obviously could not have been properly submitted as part of the summary judgment determination, and because the only other possibility of its having been considered as evidence would require such confirmation as could only come by way of the absent transcript of proceedings. Civ. R. 32; *Hendy* v. *Hendy*, unreported, Hamilton County No. C-73187, November 26, 1973.

Thus, the record as to this appeal consists solely of the pleadings, an affidavit filed in support of the motion for summary judgment, the trial court's entry constituting its findings of fact and conclusions of law, and, since the aforementioned affidavit incorporated by reference[1] the purported contract itself, which had been attached to a pleading but was not otherwise before the court per Civ. R. 56, the latter writing as well. In consequence of this state of

---

[1]We do not decide whether the document could properly be before this court on review solely under the authority of Civ. R. 10(C).

the record, and in light of the presumption of the regularity of the judgments of inferior tribunals (3 Ohio Jurisprudence 2d 666, Appellate Review, Sections 714-15), it follows that this court must affirm the judgment complained of unless plaintiff can demonstrate both of two requirements: (1) that the document was on its face a valid and enforceable contract as a matter of law, and (2) that no factual matter could thereafter have entered the case to render it not enforceable. To state it otherwise, plaintiff must sustain the heavy burden of demonstrating that there is no way the court's judgment could have been correct.

As to the first of these, it seems clear to us that where a purported contract contains no recital of or apparent provision for consideration to support the promisor's (i. e., the husband's) obligation; where the absence of such consideration is expressly asserted by the promisor in his responsive pleading; and where nothing further appears to illuminate the issue, the document is properly held to be unenforceable. In addition, and even if the foregoing were not true, the document might be deemed unenforceable where the writing itself reasonably reveals the intent of the parties that the duty to perform is conditioned upon the continued legal existence of the marriage (see note 2), and where the termination of that marriage by divorce removes the condition, relieving both parties of any further duty to perform.

As to the second component of plaintiff's burden, we have concluded that even were we to agree that plaintiff satisfied the first test, and accordingly hold the contract to be valid and enforceable on its face, we would nevertheless be required to affirm the result below. Preliminary to this conclusion, we note that we are not persuaded by plaintiff's contention that this court is confined in the scope of reviewing the possible factual issues here to those expressly found in the trial court's findings of fact and conclusions of law. There is, of course, no presumption as to the existence of error (3 Ohio Jurisprudence 2d 670, Appellate Review, Section 716) even if the trial court's findings of fact were too meager or inadequate to fully support its conclusion of

4

law and judgment, and that judgment will not be disturbed on review so long as it is not *affirmatively* shown to have been erroneous. In short, a trial court may have been right for the wrong reasons, and its judgment will not be disturbed unless the plaintiff makes an affirmative showing of error, or, as in this instance, the plaintiff can somehow exclude all factual possibilities supportive of the result below.

Here, the plaintiff has no record of the evidence, and is therefore in the unenviable position of attempting to argue and exemplify a negative without a factual fundament. She cannot show, for instance, that the contract was not mutually rescinded, or that both parties understood and intended that the ambiguous "Article VII" of the contract[2] meant that payments stopped when the marriage terminated, or that the evidence showed a relevant amendment of the contract by mutual agreement. We, in turn, cannot assume that the absent transcript of proceedings did *not* contain such evidence. We might note, parenthetically, that an affidavit of the defendant actually asserts as fact the second of these negatives. Since plaintiff lacks any record properly before this court which would exclude these and other possibilities, she cannot demonstrate the error complained of, and her argument fails on the second point as well as the first. The assignment of error is therefore overruled, and the judgment is affirmed.

*Judgment affirmed.*

SHANNON, P. J., and KEEFE, J., concur.

---

[2]"In the event of a mutual or legal separation or of separate maintenance * * * I also agree to pay you (Mary Ann) $50.00 per week beginning with the first weekly payday after date of separation. I agree to continue payments until changed by mutual or legal agreement." (*Sic.*)