CITY OF COLUMBUS, DIVISION OF INCOME TAX, APPELLEE, v. FIREBAUGH ET AL., APPELLANTS.

(No. 82AP-570—Decided February 24, 1983.)

*Mr. Gregory S. Lashutka,* city attorney, *Mr. Gregory J. Dunn, Mr. William A. McKee* and *Ms. Melinda J. Frank,* for appellee.

*Mr. John S. Bowers,* for appellants.

WHITESIDE, P.J. Defendants-appellants, John D. Firebaugh et al., appeal from a judgment of the Franklin County Municipal Court and raise two assignments of error, as follows:

"1. The Municipal Court erred in finding that appellants were domiciled in Upper Arlington, Ohio, from February 5, 1978, until August 24, 1979.

"2. The Municipal Court erred in not permitting appellants to deduct from gross income certain business expenses generally referred to as '2106 expenses.' "

Plaintiff-appellee, city of Columbus, Division of Income Tax, brought this action apparently as the income tax collecting agency for the city of Upper Arlington, seeking judgment in the amount of $925.94 for additional income taxes, penalty and interest allegedly due for the years 1978, 1979 and 1980.

Prior to February 5, 1978, defendants were residents of Upper Arlington but at that time accepted a new job assignment in Afghanistan for a tour for at least two years. Not certain as to their future, although intending, if possible, to return to Columbus upon the termination of the Afghanistan employment, defendants did not sell the home which they owned in Upper Arlington but, instead, rented it for this period of time under a lease containing a termination clause in the event that

defendants returned to Upper Arlington. Because of conditions in Afghanistan, defendants' employment there terminated, and they returned to the home in Upper Arlington on August 24, 1979.

The issue raised by the first assignment of error is whether defendants must pay Upper Arlington income tax upon the salary they earned while working in Afghanistan from February 5, 1978, until August 24, 1979.

Apparently, Upper Arlington, under Section 203.01 of the Codified Ordinances of Upper Arlington, imposes a one and one-half percent income tax upon all salaries, wages, commissions and other compensation earned by residents of Upper Arlington. However, Section 201.11 of the Codified Ordinances of Upper Arlington apparently defines a resident as including "any individual who is domiciled in the city of Upper Arlington." Plaintiff contends, and the trial court apparently found, that, since defendants did not intend to establish a permanent domicile in Afghanistan, they necessarily continued to be domiciled in Upper Arlington during the period of time they were in fact nonresidents of Upper Arlington, but residents of Afghanistan, predicated upon the principle that every person has a single domicile. Plaintiff relies upon *Grant* v. *Jones* (1883), 39 Ohio St. 506, as establishing this principle. However, in the opinion in that case at page 515, it is noted that, for many purposes: "[t]here is no substantial difference between the words residence and domicile * * * though they are not always synonymous." Actually, the case turned upon residence, not domicile, in the strict sense.

During the period in question, from February 1978 to August 1979, it is clear from the evidence that defendants were not residents of Upper Arlington and had no domicile there unless credence is given to plaintiff's theory that the Upper Arlington domicile for tax purposes continued until a new residence meeting the strict definition of "domicile" is estab-

lished. While such principle is sometimes applied in law as a practical necessity, this is not always the case. There was evidence that defendants hoped to return to Columbus or the Columbus area at the conclusion of their Afghanistan employment, and we assume that the expression of intent to return to Columbus indicates an intent to return to the house in Upper Arlington. However, during the tour of duty in Afghanistan, it appears that, if defendants on vacation or otherwise were to leave, they intended to return to Afghanistan until the tour of employment there was terminated. Under the theory advanced by plaintiff, a person could be absent from Upper Arlington for twenty or thirty years — could be an itinerant peddler such as involved in *Grant, supra* — and be subject to the Upper Arlington income tax if domiciled there when he became a peddler even if neither present nor residing there during the entire period of time. Conversely, under plaintiff's theory, a person who is domiciled elsewhere and accepts a two-year tour of employment in an unincorporated portion of Franklin County, but resides in Upper Arlington, would not be subject to the Upper Arlington income tax during the two years that he resided there because be was domiciled elsewhere. Neither of these examples appears to be the intent of the ordinance.

Part of the difficulty in applying the broad meaning ascribed by plaintiff is the difficulty in finding a sufficient contact for taxation of the income during the period in question. In *Angell* v. *Toledo* (1950), 153 Ohio St. 179 [41 O.O. 217], finding constitutional taxation of income earned within a municipal corporation by a nonresident, the court, at page 185, noted that such a tax must bear "some fiscal relation to the protections, opportunities and benefits given" by the municipality. There is great difficulty in finding the requisite taxable basis of income earned outside the municipal corporation by a nonresident. A person may

have more than one residence and, under proper circumstances, may be subject to income tax in a place of residence. Yet, as has previously been held, there can be a domicile only where there is a permanent residence. While there are many definitions of "domicile," ordinarily it denotes physical presence coupled with intent to maintain a permanent residence there indefinitely. Upper Arlington has defined "residence" in terms of domicile to indicate that the residence must be permanent, rather than only temporary or transitory, for income tax purposes where the income is not earned in the city. Conversely, however, there is no indication of an intent to consider one domiciled in Upper Arlington merely because he may not have a domicile elsewhere.

Accordingly, in order for the Upper Arlington income tax to be applied upon income earned elsewhere, the taxpayer must be domiciled in Upper Arlington in the sense that his permanent residence is in Upper Arlington. A nonresident is not domiciled in Upper Arlington under the ordinance merely because his last known domicile was in Upper Arlington. Since the defendants were nonresidents of Upper Arlington during the period from February 1978 to August 1979, they were not domiciled there since residence is a prerequisite for domicile. Accordingly, the first assignment of error is well-taken.

The second assignment of error is not well-taken. There is no provision in the Upper Arlington income tax ordinance for a deduction of business expenses by employees. Defendants are not entitled to make such deductions with respect to the Upper Arlington tax merely because they are entitled to do so under federal law with respect to federal taxation. Accordingly, the second assignment of error is not well-taken.

For the foregoing reasons, the first assignment of error is sustained and the second assignment of error is overruled, the judgment of the Franklin County Municipal Court is reversed, and this cause is remanded to that court for further proceedings in accordance with law consistent with this decision.

*Judgment reversed and cause remanded.*

REILLY and McCORMAC, JJ., concur.