CITY OF CLEVELAND, Appellee,

v.

SURELLA, Appellant.

[Cite as *Cleveland v. Surella* (1989), 61 Ohio App.3d 302.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 55058.

Decided Feb. 27, 1989.

*Patricia A. Blackmon,* Chief Prosecutor, and *Clark W. Butler, Jr.,* Assistant Chief Prosecutor, for appellee.

*Gurney, Miller & Mamone* and *Jeffrey W. Brader,* for appellant.

PATTON, Presiding Judge.

This action was presented to the trial court upon stipulated facts and exhibits and the briefs of counsel. The trial court issued an order declaring that appellant, Robert E. Surella, had been a resident of the city of Cleveland for residence tax purposes during the entirety of tax years 1982, 1983 and 1984. Appellant was then charged with failure to pay city income tax, penalty and interest for the above tax years in violation of Cleveland Codified Ordinances Section 191.1505. Appellant claimed that he was not a resident of Cleveland because his employment caused him to work and live at rotational job sites outside the city limits. This appeal followed and appellant raises two assignments of error.

## I

"The trial court erred in finding that the defendant/appellant was a resident of the city of Cleveland for residence tax purposes for the entire period in question when the defendant only lived in Cleveland for a total period of 3½ months, in two segments, during a three-year period."

This assignment of error is without merit.

Cleveland Codified Ordinances Section 191.0501 imposes an income tax on all salaries, wages, commissions and other compensation earned by residents of the city of Cleveland. Cleveland Codified Ordinances Section 191.0316 defines a "resident" as "any individual domiciled in the City." The city of Cleveland is a member of the Central Collection Agency. Article 3.13–A of the Central Collection Agency Rules and Regulations defines "domicile" as "that place where an individual has his true, fixed, and permanent home, and principal establishment, and to which whenever he is absent he has the intention of returning."

Similarly, for Ohio income tax purposes, R.C. 5747.01(I)(1) defines "resident" as "[a]n individual who is domiciled in this state." R.C. 5747.01 also states that:

"Except as otherwise expressly provided or clearly appearing from the context, any term used in this chapter has the same meaning as when used in a comparable context in the Internal Revenue Code, and all other statutes of the United States relating to federal income taxes."

The Internal Revenue Service states "a taxpayer has only one domicile even though he may have more than one residence. A taxpayer's domicile is a permanent legal residence that the taxpayer intends to use for an indefinite or unlimited period, and to which, when absent, the taxpayer intends to return. The question of domicile is primarily a matter of intent. When domicile or

residency is questioned, the taxpayer must be able to show factually that he intends a given place or state to be his permanent home." IRS Pub. No. 555, Community Property and the Federal Income Tax (Rev. Nov. 1988), at page 1. Analogously, for federal estate and gift tax purposes the Internal Revenue Service states that " * * * a person acquires a domicile in a place by living there, for even a brief period of time, with no definite present intention of later removing therefrom. Residence without the requisite intention to remain indefinitely will not suffice to constitute domicile, nor will intention to change domicile effect such a change unless accompanied by actual removal." Tres.Reg. Sections 20.0–1(b)(1) and 25.2501–1(b). Therefore, at the municipal, state and federal levels of income taxation, "domicile" is primarily defined as a principal residence that the taxpayer intends to use for an indefinite time and to which whenever he is absent he intends to return.

Most courts seem to support the orthodox view that domicile is, by definition, a single concept to be universally applied. Prior adjudications from all branches of law provide a reliable guide to the determination of domicile problems. Note, Evidentiary Factors in the Determination of Domicil (1948), 61 Harv.L.Rev. 1232, 1234.

Domicile as defined by the United States Supreme Court is identical to the definition of domicile used for taxation purposes by all levels of government. Domicile is residence in fact, combined with the intention of making the place of residence one's home for an indefinite period. *Gilbert v. David* (1915), 235 U.S. 561, 35 S.Ct. 164, 59 L.Ed. 360. Domicile has both physical and mental dimensions. It is the place where a person has her true, fixed home and principal establishment and to which, whenever she is absent, she intends to return. This person may only have one domicile at any time. *Williamson v. Osenton* (1914), 232 U.S. 619, 34 S.Ct. 442, 58 L.Ed. 758.

Therefore, in the instant case, the trial court correctly held that the definition of domicile for city tax purposes carries the same connotation that it does for figuring the domicile of one's country or state, "*i.e.,* a person may have many residences but only one domicile." See *Spires v. Spires* (1966), 7 Ohio Misc. 197, 200, 35 O.O.2d 289, 291, 214 N.E.2d 691, 693; *State, ex rel. Kaplan, v. Kuhn* (1901), 8 Ohio N.P. 197, 11 Ohio Dec. 321; *Hill v. Blumenberg* (1924), 19 Ohio App. 404.

The following are some of the factors the Internal Revenue Service considers in determining domicile: where a person votes, where he pays state income tax, and business and social ties to the community. Length of time spent in one place does not necessarily distinguish a residence from a domicile. IRS Pub. No. 555, Community Property and the Federal Income Tax (Rev. Nov. 1988), at page 1. Evidentiary factors considered by courts in general

consist of formal acts and declarations, such as filing federal income tax returns, voting, automobile registration or location of spouse and children. Note, Evidentiary Factors in the Determination of Domicil (1948), 61 Harv. L.Rev. 1232, 1236, 1238.

In determining domicile, we agree with the evidentiary factors Ohio courts have used. It is necessary to look not only at the acts and declarations of the person but to the surrounding circumstances, such as "family relations, business pursuit and vocation in life, mode of life, means, fortune, earning capacity, conduct, habits, disposition, age, prospects, residence, lapse of time, voting and payment of taxes * * *." *State, ex rel. Kaplan, supra*, 8 Ohio N.P. at 202, 11 Ohio Dec. at 333.

Specifically, regarding the place where a person votes, the *Kaplan* court stated, the fact that a party voted at a certain place does not determine citizenship, but such evidence is admissible as a fact tending to show the intention of the party to make such place his domicile. *Kaplan, supra*, at 201, 11 Ohio Dec. at 332. Furthermore, it has been held that an intention to make a particular location one's domicile is evidenced by voting in that place, and the continuing purpose to be and remain a legal resident of that place was manifested by one's continuing to vote there. *Hill, supra*, 19 Ohio App. at 412. Ohio courts have also held that voting is equivalent to a declaration that the voter is a resident of the place where he votes. *Esker v. McCoy* (C.P.1878), 5 Ohio Dec.Rep. 573; *Chase v. Prudential Life Ins. Co.* (App. 1937), 24 Ohio Laws Abs. 439.

 A review of the record establishes appellant's acts which manifested appellant's intent to make Cleveland his domicile:

"The fact that appellant never held out any other place as his place of domicile;

"The fact that appellant paid all rents for the use of the premises known as 3609 East 75th Street, Cleveland, Ohio where his adult son lived;

"The fact that appellant had cause to direct all W–2 forms for the years 1982, 1983, 1984 to the address of 3609 East 75th Street, Cleveland, Ohio;

"The fact that appellant chose to have all mail received at the 3609 East 75th Street, Cleveland, Ohio address and did not have his mail forwarded or mailed directly to his job sites during the relevant years.

"The fact that appellant registered to vote with the Cuyahoga County Board of Elections on May 17, 1983. His voter registration form declared appellant's residence at 3609 East 75th Street, Cleveland, Ohio. Appellant then voted in the district or ward for that address in three (3) elections in 1983 and three (3) elections in 1984.

"The fact that the nature of appellant's occupation required him to temporarily relocate as job sites and work became available.

"The fact that appellant filed Municipal Income Tax Returns listing his residence at 3609 East 75th Street, Cleveland, Ohio, with the Central Collection Agency for tax years 1982, 1983 and 1984."

In his defense, appellant relies on *Columbus v. Firebaugh* (1983), 8 Ohio App.3d 366, 8 OBR 478, 457 N.E.2d 367. Any such reliance is misplaced. *Firebaugh, supra,* is factually distinguishable since the defendants had left the United States without returning for eighteen months and rented their premises during their absence.

 Upon review of the record, we conclude the trial court correctly held that even though the appellant moved or was in transit to several work site locations during the tax years 1982, 1983 and 1984, the appellant's actions show a manifested intent to have Cleveland, Ohio, remain as his domicile. Furthermore, there is no constitutional violation by the city of Cleveland for taxing the appellant's wages which were realized from sources outside the municipality since he is a resident of and domiciled in Cleveland, receiving protections, opportunities and benefits from the city of Cleveland. *Thompson v. Cincinnati* (1965), 2 Ohio St.2d 292, 297–298, 31 O.O.2d 563, 566–567, 208 N.E.2d 747, 751–752; *Angell v. Toledo* (1950), 153 Ohio St. 179, 185, 41 O.O. 217, 220, 91 N.E.2d 250, 253.

Appellant's first assignment of error is overruled.

II.

"The trial court erred in assigning to appellant the burden of proving nonresidence as an affirmative defense."

In *In re Winship* (1970), 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368, the Supreme Court held that the Due Process Clause protected an accused in a criminal prosecution against conviction except upon proof beyond a reasonable doubt. See, also, *Mullaney v. Wilbur* (1975), 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508. Where the accused presents an affirmative defense which does not serve to negative any facts of the crime but raises a separate issue or defense, a state may constitutionally require him to bear the burden of proof of that defense by a preponderance of the evidence. *Patterson v. New York* (1977), 432 U.S. 197, at 205, 97 S.Ct. 2319, at 2325, 53 L.Ed.2d 281, at 289.

 A domicile once acquired is presumed to continue until it is shown to have been changed. Where a change of domicile is alleged the burden of proving it rests upon the person making the allegation. *Mitchell v. United States* (1874), 88 U.S. (21 Wall.) 350, 22 L.Ed. 584; *Desmare v. United States*

(1876), 93 U.S. 605, 23 L.Ed. 959; *Texas v. Florida* (1938), 306 U.S. 398, 59 S.Ct. 563, 83 L.Ed. 817; *Whitmore v. Internal Revenue Service* (1955), 25 T.C. 293.

Appellant was charged with the crime of failure to pay municipal income taxes for years 1982, 1983 and 1984 in violation of Cleveland Codified Ordinances Section 191.1505. Nonresidence which is determined by a person's domicile does not negate an element of the crime. In such a case R.C. 2901.05 provides that the burden of proof, by a preponderance of the evidence, for an affirmative defense is upon the accused. Thus, pursuant to this section, appellant was required to prove by a preponderance of the evidence that he changed his domicile from the city of Cleveland. This was not a deprivation of his Fourteenth Amendment rights.

Appellant's second assignment of error is overruled.

The judgment of the Cleveland Municipal Court is affirmed.

*Judgment affirmed.*

SWEENEY and JOHN F. CORRIGAN, JJ., concur.