LYNCH et al., Appellees,

v.

CITY OF YOUNGSTOWN, Appellant.

[Cite as *Lynch v. Youngstown* (1996), 115 Ohio App.3d 485.]

Court of Appeals of Ohio,
Seventh District, Mahoning County.

No. 95 C.A. 227.

Decided Nov. 1, 1996.

*Dennis Haines* and *Steven L. Paulson,* for appellee Russell Lynch.

*Betty D. Montgomery,* Attorney General, and *Charlett Bundy,* Assistant Attorney General, for appellee Administrator, Bureau of Employment Services.

*Robert P. Milich,* Youngstown Law Director, and *Kevin M. Krali,* Assistant Law Director, for appellant Youngstown.

DONOFRIO, Judge.

Appellant, city of Youngstown, appeals from an order of the Mahoning County Common Pleas Court upholding a decision of the Unemployment Compensation Board of Review determining that appellee, Russell C. Lynch, had been discharged without just cause.

Appellee Lynch became employed by the city on November 22, 1993. When hired, Lynch was informed that he was required to become a resident of the city within thirty days following the completion of his ninety-day probationary period, which ended February 22, 1994.

In June 1994, appellee Lynch was notified of a predetermination hearing to be held concerning his residency. At the hearing, which was held on June 22, 1994, the city's representatives determined that appellee Lynch was not a resident of the city and that his employment should be terminated as of July 22, 1994.

Thereafter, appellee Lynch filed an application for unemployment compensation. In his statement to the Ohio Bureau of Employment Services ("OBES"), appellee gave as his reason for leaving employment the following:

"Unable to fill requirements to move into city in their time frame."

Appellee further set forth:

"I was required to relocate into the city within a 120 days. I was in the process of selling my home in Trumbull Cty. to relocate to the city. I was unable to do so within the 120 day period & I was discharged. The sale of my home is to possibly be settled as [sic] this week."

OBES originally determined the discharge was justifiable and denied Lynch's application for benefits. Lynch then filed a request for reconsideration in which he stated:

"I felt I was a resident of the city of Youngstown because I moved in with my mother. I set up residency in Yo. I had a 4–sale sign in my yard for 4 months thru a realtor. In addition, I had my vehicle registered to my residence in Yo-address. Also, registration to vote."

On reconsideration, the administrator affirmed the initial determination. Appellee Lynch then filed an appeal with the Unemployment Compensation Board of Review. Notice that the appeal had been filed was mailed to the parties on November 9, 1994. A hearing was set on appellee Lynch's appeal for November 30, 1994. Notice of the hearing was sent to appellee Lynch and to appellant on November 22, 1994.

At the hearing, appellee Lynch testified that, at the time he began his employment in November of 1993, he owned a home in Girard, Ohio, where he

lived with his fifteen-year-old daughter who was enrolled in the learning-disabled class in the Liberty school system. Lynch further testified that after he started working for the city, he moved into his parents' home at 1536 Clay Street, Youngstown, Ohio. He testified that he slept at the Clay Street address approximately six nights a week, while his mother slept at the Girard home with his daughter.

Lynch testified that he listed the Girard house for sale with a real estate company in February, 1994, after it appeared that he would successfully complete his probation period. He testified that in February, he moved his clothing, bed, stereo, and two of his three television sets from the Girard house to the Clay Street house. He further testified that he did not want to disrupt his daughter's schooling for the remainder of the school year and that he had every intention of becoming a permanent resident in the city of Youngstown.

Appellee Lynch introduced as evidence at the hearing a copy of a listing agreement with a local real estate company to sell his Girard home. Lynch also introduced as evidence a copy of a purchase agreement for the sale of the Girard home. Lynch also provided a copy of a signed offer for him to purchase a home in Youngstown.

Appellee Lynch further introduced a notarized statement from his family that he was living at the Clay Street address. In addition, Lynch introduced a copy of a registration for a new vehicle which he purchased in February 1994, listing his home as the Clay Street address.

In rebuttal, the city introduced evidence that it had conducted an investigation regarding appellee Lynch's residency which revealed that Lynch had left the Girard home between 6:00 and 6:30 a.m. on May 19 and May 20, 1994. While the transcript of the hearing refers to a written report which was prepared regarding the investigation, the report was not made part of the record below.

On December 8, 1994, the board issued its decision reversing the administrator's previous rulings. Thereafter, the city filed an application to institute further appeal to the board. As reasons therefor, the city argued that the notarized statement from Lynch's family was not sworn to by them, that the report which indicated that Lynch was residing in Girard was prepared by a firm specializing in investigative research, that a copy of a Bureau of Motor Vehicle certificate of title dated February 17, 1994 showed that a 1992 Ford was listed to Lynch at the Girard, Ohio address, and that the findings of fact of the board did not reflect that Lynch's mail was sent to a Youngstown address or that Lynch was registered to vote in the city of Youngstown.

After the board of review issued a decision disallowing the application to institute a further appeal, the city filed an appeal in the Mahoning County Court

of Common Pleas. In the trial court, the city, as attachments to its brief, submitted an affidavit of the assistant law director who had represented the city before the board, attorney Kevin M. Kralj. Kralj's affidavit stated that he had had less than twenty-four hours' notice of the hearing which had been held on November 30, 1994 and that he had not been able to present the city's position fully and to present all evidence. In addition, the city referred in its brief to telephone records, board of election records and Ohio Bureau of Motor Vehicle records, all in an attempt to show that appellee Lynch was still living at the Girard address.

Thereafter, appellee, administrator of employment services, moved the trial court for an order striking from the record all new documents and references to new evidence proffered by the city. Appellee administrator argued that, on appeal, the trial court was limited to the record as certified by the board of review.

The trial court's magistrate ruled that the city's attachment of documents to its brief and its references in the brief to matters which were not part of the certified record were contrary to law. In addition, based upon the record as created below, the magistrate determined that appellee Lynch had been terminated without just cause.

After the trial court entered an order adopting the magistrate's decision, the city filed the instant appeal.

■ R.C. 4141.28(O)(1), which sets forth the appeal process for unemployment compensation cases, does not create distinctions between the scope of review of common pleas courts and appellate courts. In such cases, a reviewing court may reverse the board's determination only if it is unlawful, unreasonable, or against the manifest weight of the evidence. *Tzangas, Plakas & Mannos v. Ohio Bur. of Emp. Serv.* (1995), 73 Ohio St.3d 694, 697, 653 N.E.2d 1207, 1210–1211.

■ In unemployment cases, the determination of whether just cause exists necessarily depends upon the unique factual considerations of the particular case. Determinations of factual questions are primarily within the province of the board. *Irvine v. Unemp. Comp. Bd. of Review* (1985), 19 Ohio St.3d 15, 17, 19 OBR 12, 14–15, 482 N.E.2d 587, 589–590. On appeal, neither the trial court nor this court may make factual findings or determine the credibility of witnesses. *Id.,* at 18, 19 OBR at 15–16, 482 N.E.2d at 590–591. Our duty, rather, is to determine whether the decision of the board is supported by the evidence in the record, and the fact that reasonable minds might differ as to the conclusions reached is not a basis for reversal of the board's decision. *Id.*

With these principles in mind, we turn to the city's arguments.

The city has listed four assignments of error. In the first, the city argues:

"Appellee admitted that he did not become a resident of the city of Youngstown."

Appellant argues that, in the claimant's statement, filed with OBES, appellee stated that he was unable to relocate to the city within the one-hundred-twenty-day period required in his appointment letter. Appellant argues that the trial court therefore erred in finding to the contrary.

Appellee Lynch's statement must be read in the context of the entire document. We note that the statement was followed by the following explanation:

"I was required to relocate into the city within a 120 days. I was in the process of selling my home in Trumbull [County] to relocate to the city. I was unable to do so within the 120 day period & I was discharged."

We agree with appellees that the statement of Lynch was simply a statement saying he was unable to sell his home within the one-hundred-twenty-day period. As appellees argue, this analysis is consistent with Lynch's statement in his request for reconsideration, which states:

"I felt I was a resident of the city of Youngstown because I moved in with my mother. I set up residency in Yo. [Youngstown]. I had a 4–sale sign in my yard for 4 months thru a realtor."

Appellant's first assignment of error is without merit.

In the second assignment of error, the city argues:

"A number of the indicia of residency were not fulfilled by appellee until well after the time period he had to establish residency had expired."

In support of this argument, the city argues that, according to telephone records of Ameritech, appellee Lynch's phone service at the Clay Street address was initiated in May, 1994.

In addition, the city refers to records of the board of elections showing that Lynch was registered to vote in Youngstown on June 21, 1994, approximately four months after Lynch claimed to have moved to the Clay Street address.

In addition, the city points to a report of the Bureau of Motor Vehicles, dated February 17, 1994, showing Lynch's address as 1502 Tibbets–Wick Road, Girard, Ohio.

The city further argues that, even though the foregoing were not submitted at the November 30, 1994 hearing, the trial court and this court should consider them as evidence that Lynch had not complied with the residency requirement. The city argues that it received notice of the hearing on November 29, 1994, only

one day before the hearing. The city argues that, since it only had one day's notice of the hearing, it was not able to present its position in full.

R.C. 4141.28(O)(1) defines the evidence that the court may consider on appeal of an unemployment matter. Under that statute, the appeal "shall be heard upon such record certified by the board." In reviewing this language, the Ohio Supreme Court in *Hall v. Am. Brake Shoe Co.* (1968), 13 Ohio St.2d 11, 14, 42 O.O.2d 6, 8, 233 N.E.2d 582, 584, stated that the common pleas court is not authorized to receive evidence but rather is limited to a review of the record as certified.

We note that the city's representative did not ask for a continuance of the hearing before the board; nor did he argue at the hearing that he had inadequate time to prepare.

Based upon the foregoing, we find that the trial court did not err in refusing to consider the additional evidence offered by the city.

Appellant's second assignment of error is without merit.

In the third assignment of error, the city argues:

"Appellee's union expressed doubt as to whether or not he had become a resident of the city of Youngstown."

Appellant argues that appellee Lynch's union did not appeal to arbitration appellant's initial determination that Lynch was not a resident of and domiciled in the city. Appellant argues that this proves there was doubt among union officials as to whether Lynch had in fact become a resident of the city.

There is no evidence in the record to support this argument. On appeal, it is the obligation of appellant to point to evidence in the record supporting its allegations. See, generally, *Conley v. Conley* (1975), 45 Ohio App.2d 1, 4, 74 O.O.2d 6, 8, 340 N.E.2d 430, 433.

Appellant's third assignment of error is without merit.

In the fourth and final assignment of error, the city argues:

"Appellee presented no credible evidence that he had become a resident of the city of Youngstown."

The city argues that in order to comply with the residency requirement, one must be domiciled in the city, defined as residence in fact, combined with the intention of making the place of residence one's home for an indefinite period. The city argues that evidentiary factors considered by courts in general in determining domicile consist of formal acts and declarations, such as filing federal income tax returns, voting, automobile registration or location of spouse and children, citing *Cleveland v. Surella* (1989), 61 Ohio App.3d 302, 572 N.E.2d 763.

Once again, the city points to the report of the Bureau of Motor Vehicle, dated February 17, 1994, showing Lynch's address as the Girard, Ohio address. In addition, the city also points to the records of the board of elections and further argues that Lynch's minor child was domiciled in Girard, not in Youngstown.

Finally, the city argues that the surveillance report prepared by the firm specializing in private investigations concluded that Lynch was still living in Girard in May, 1994.

It was the board's function to assess the credibility of Lynch. His testimony, if believed, was sufficient to support the board's decision. *Irvine v. Unemployment Comp. Bd. of Review, supra.*

In addition, we find that the decision of the board was supported by evidence that Lynch had listed his house in Girard with a real estate agent in February 1994, that a purchase agreement was reached for the Girard home in June, 1994, that Lynch listed his parents' Clay Street address in registering a vehicle which he purchased in February, 1994, that Lynch reached an agreement to purchase a home in the city in July, 1994, and that Lynch's daughter stayed in Girard in order to finish the school year.

Appellant's fourth assignment of error is without merit.

The judgment of the trial court is hereby affirmed.

*Judgment affirmed.*

JOSEPH E. O'NEILL, P.J., concurs.

Cox, J., dissents.