MIDDLETOWN, Appellee,

v.

MYERS, Appellant.

[Cite as *Middletown v. Myers*, 193 Ohio App.3d 632, 2011-Ohio-2470.]

Court of Appeals of Ohio,
Twelfth District, Butler County.

No. CA2010–03–067.

Decided May 23, 2011.

Carrie Carpenter, Middletown City Prosecuting Attorney, for appellee.

Bryan Scott Hicks, for appellant.

PIPER, Judge.

{¶ 1} This is an appeal brought by defendant-appellant, Jonathan Myers, from his conviction and sentence in the Middletown Municipal Court for failure to file his municipal income tax returns for tax years 2003 and 2004 in violation of Section 890.18(a)(1) of the Middletown Municipal Code ("MMC").

{¶ 2} In his first assignment of error, Myers argues that the trial court erred in convicting him of failing to file his municipal income tax returns for tax years 2003 and 2004, because the trial court relied on the state's erroneous argument at trial that in order to convict him of that charge, the state needed to prove only that he was a "resident" of Middletown for those years and *not* that his Middletown residence was his "domicile" during that period. Myers asserts that applying the proper standard of "domicile" to the facts of this case would have resulted in his acquittal, because the evidence established that his Middletown residence was merely a "temporary abode" rather than his domicile, since he did not have the requisite intent to remain at his Middletown residence for an indefinite time. In support of his argument, Myers points out that the trial court made no analysis or express finding on the question whether he was domiciled in Middletown for tax years 2003 and 2004.

{¶ 3} Initially, the state incorrectly argued at trial that the MMC does not mention "domicile." Section 890.02(a)(36) of the MMC defines "resident" as "an individual domiciled in the City" and further provides that "[a]ny person who maintains a place of abode within the City for a total of 90 days or more within a 12–month period shall be deemed a resident." Section 890.02(a)(6) of the MMC defines "domicile" as "[a] principle residence that the taxpayer intends to use for an indefinite time and to which whenever he or she is absent he or she intends to return," and further provides that "[a] taxpayer has only one domicile even though he or she may have more than one residence."

{¶ 4} "Domicile" has traditionally been defined as a "residence in fact, combined with the intention of making the place of residence one's home for an indefinite period." *Cleveland v. Surella* (1989), 61 Ohio App.3d 302, 305, 572 N.E.2d 763. "In determining domicile * * * [i]t is necessary to look not only at the acts and declarations of the person but to the surrounding circumstances, such as 'family relations, business pursuit and vocation in life, mode of life, means, fortune, earning capacity, conduct, habits, disposition, age, prospects, residence, lapse of time, voting and payment of taxes[.]' " Id. at 305, 572 N.E.2d 763, quoting *State ex rel. Kaplan v. Kuhn* (C.P.1901), 8 Ohio N.P. 197, 202, 11 Ohio Dec. 321, 333.

{¶ 5} The prosecutor's misstatements of law were not prejudicial, because this case was tried to the bench, and a trial judge, unlike a jury, is presumed to know the law unless the record shows to the contrary. *E. Cleveland v. Odetellah* (1993), 91 Ohio App.3d 787, 794, 633 N.E.2d 1159, citing *State v. Eubank* (1979), 60 Ohio St.2d 183, 187, 14 O.O.3d 416, 398 N.E.2d 567. See also *State v. Olah*, 146 Ohio App.3d 586, 593, 2001-Ohio-1641, 767 N.E.2d 755, ¶ 26. In this case, Myers has failed to point to any evidence that overcomes this presumption. Id.

{¶ 6} Furthermore, the evidence presented in this case overwhelmingly established that Myers's residence in Middletown was also his domicile. The evidence showed that Myers received and paid for the city's water service during 2003 and 2004, and that he filed and paid income taxes for tax year 2002 and for tax years 2005, 2006, and 2007. Myers testified that he ate, breathed, and slept at his Middletown residence during all of 2003 and 2004. During his testimony, Myers claimed that his Middletown residence was merely a "temporary abode," that his domicile was "God's earth," and that he had no intent to establish his domicile in Middletown. However, Myers's testimony was insufficient to prove that it was not his intent to make his Middletown residence his domicile, particularly in light of the overwhelming evidence presented in this case demonstrating otherwise. See *Surella*, 61 Ohio App.3d at 305, 572 N.E.2d 763.

{¶ 7} Additionally, there was no dispute that Myers lived at his self-described "temporary abode" for more than 90 days during tax years 2003 and 2004, and thus was a resident of Middletown under Section 890.02(a)(36) of the MMC. Therefore, Myers was obligated under Section 890.05(a) of the MMC to file his municipal income tax returns for those years. Consequently, there was ample evidence presented to support Myers's conviction for failure to file his income tax returns for tax years 2003 and 2004.

{¶ 8} Myers also requests that we "declare the Municipal Tax Ordinance null and void to the extent that they [sic] attempt to convert the legal concept of residency into domicile." However, Myers failed to raise this argument at trial, and therefore, has waived it for purposes of appeal. See *State v. Awan* (1986), 22 Ohio St.3d 120, 122–124, 22 OBR 199, 489 N.E.2d 277.

{¶ 9} In light of the foregoing, Myers's first assignment of error is overruled.

{¶ 10} In his second assignment of error, Myers argues that the trial court erred by not ruling on his pretrial motion to dismiss the case under Crim.R. 12 and by not taking judicial notice of the facts he proffered in support of the motion, thereby depriving him of his due process rights. This argument lacks merit.

{¶ 11} Myers filed a pretrial motion to dismiss the charge against him and to take judicial notice of certain facts, including that he was not subject to

taxation by Middletown. However, a pretrial motion to dismiss must not be based on an argument that requires an evidentiary hearing, but instead must be based on a claim that can be determined from the face of the indictment. *State v. Serban*, Stark App. No.2006 CA 00198, 2007-Ohio-3634, 2007 WL 2050315, ¶ 26–28. Moreover, the record must indicate that a defendant's substantial rights were affected. *Lyndhurst v. McGinness* (2000), 138 Ohio App.3d 617, 619–620, 741 N.E.2d 976.

{¶ 12} Here, Myers has failed to explain how the trial court's failure to rule on his motion to dismiss the charge against him affected his substantial rights. Consequently, any error the trial court may have committed by failing to rule on his motion to dismiss was harmless. See Crim.R. 52(A) and *Akron v. Biehl* (Apr. 14, 1999), Summit App. No. 19054, 1999 WL 241207, *2.

{¶ 13} Myers has also failed to explain how the trial court's failure to take judicial notice of any of the facts he proffered in his pretrial motion to dismiss affected his substantial rights. Myers did ask the trial court in his motion to dismiss to take judicial notice of the fact that he "is not subject to taxation by the City of Middletown." However, this clearly is not the type of fact that is "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Evid.R. 201(B). Thus, any error that the trial court may have committed by failing to rule on his pretrial motion to take judicial notice of certain facts was harmless. See Civ.R. 52(A).

{¶ 14} Accordingly, Myers's second assignment of error is overruled.

Judgment affirmed.

POWELL, P.J., and RINGLAND, J., concur.